THE STATE OF KANSAS v. CHARLES D. BRANDON.

PRACTICE *in Criminal cases—Joinder of distinct offenses in same count.*
The offense of burglary and larceny, where each constitutes a part of
the same transaction, may both be charged in the same count, and the
defendant may be found guilty of the larceny only.

*Appeal from Saline District Court.*

BRANDON was tried upon an information charging him,
in the same count, with the two offenses of burglary and
grand larceny. The jury returned a verdict of guilty of
grand larceny. On his motion the judgment was arrested,
and he was discharged. *The State* appeals, pursuant to
the authority contained in the following section of the
code of criminal procedure, (Gen. Stat., 865 :)

" SEC. 283. Appeals to the supreme court may be taken
by the State in the following cases, and no other: *First,*
Upon a judgment for the defendant, on quashing or set-
ting aside an indictment or information. *Second,* Upon
an order of the court arresting the judgment. *Third,*
Upon a question reserved by the State."

This case was here at the July Term, 1870, on an
irregular appeal by the State, (6 Kas., 243,) when it was
dismissed for want of jurisdiction. It is now brought up
by proper appeal, and the county attorney of Saline
county asks that the order of the district court arresting
the judgment be reversed.

*G. G. Lowe,* county attorney of Saline county, and *J. G.
Mohler,* for the appellant:

1. The district court erred in arresting the judgment.
The criminal code, § 277, provides two causes for arrest
of judgment—*first,* when " the grand jury who found the
indictment, had no legal authority to inquire into the
offense charged, by reason of it not being within the

jurisdiction of the court;" and *second*, when "the facts stated do not constitute a public offense."

The second and third causes assigned by defendant in the motion in arrest, "that the verdict of the jury in the case is an acquittal of the defendant," and that "the verdict does not convict him of any offense described in the information," are outside the statute, and if true did not authorize the court to arrest the judgment. *Montgomery v. The State*, 3 Kas., 263, 271; *Guy v. The State*, 1 Kas., 452.

The offense is sufficiently charged, and the verdict of the jury is sufficient: Crim. Code, § 240.

A defendant may be prosecuted for both offenses, burglary and larceny, in the same count, or in separate counts of the same indictment: Crimes Act, § 72, p. 331. And may be convicted of both offenses, or either of them; id., § 122, p. 840. *State v. Grisham*, 1 Haywood, (Tenn.) 12; *Morris v. State*, 1 Blackf., 37; 3 Chitty Cr. L., 1105, 1106, 1114, 1115.

2. But if the information be defective, defendant is too late. The causes for an "arrest of judgment" are also good on a motion to "quash the information;" §§ 225, 277, crim. code. In *Montgomery v. The State*, 3 Kas., 274, the court say: "But he (the defendant) must assert his privilege in the proper way and at the proper time or he may be deemed to have waived it, except in cases where special provision is made, and which may give him a double remedy." Hence it was the defendant's duty to avail himself of the defects, for which judgment will be arrested, at the earliest opportunity, which would be upon a motion to quash the information. Having failed to avail himself of any defect in the information by moving to "quash," he is estopped from moving "to arrest the judgment" for the same defects.

3. In any event it was error to *discharge* the defendant

from custody. Had he availed himself of his privilege and procured the information to be quashed, the defendant would not have been discharged, but another and sufficient information would have been filed against him; and "the effect of allowing a motion in arrest of judgment is to place the defendant in the same situation in which he was before the indictment was found or information filed, except in cases otherwise provided for." § 279, crim. code, p. 865.

The court should have held the defendant, or required him to give bail, to answer a fresh complaint. Section 280 of the criminal code provides that "when judgment is arrested in any case, and there is *reasonable* ground to believe that the defendant can be convicted of an offense, if properly charged, the court may order the defendant to be re-committed or admitted to bail anew, to answer a new indictment or information." Assuredly, after the verdict of the jury finding the defendant guilty of grand larceny, there was "reasonable ground of belief" to the court that the defendant could be convicted of an offense, if properly charged.

4. The court erred in taxing costs to the State. The court should have pronounced judgment upon the verdict of the jury in the cause, or granted defendant a new trial; in the first of which cases, judgment would have been that the defendant pay the costs of the prosecution, and in the latter there would have been *no* judgment for costs.

The opinion of the court was delivered by

VALENTINE, J.: The defendant was charged in the court below with burglary and larceny. He was tried for both offenses, but was found guilty of larceny only. After

conviction he moved the court to arrest the judgment for the following reasons: *First,* That the facts stated do not constitute a public offense; *second,* that the verdict of the jury in the case is an acquittal of the defendants; *third,* that the verdict does not convict him of any offense described in the information." The court sustained the motion, discharged the defendant, and rendered a judgment against the plaintiff for costs; to all of which the county attorney for the State excepted, and now appeals to this court.

The information consisted of one count only; and the defendant was charged with both offenses in this count. This was proper: (§ 72, Gen. Stat., 331.) The defendant was charged with breaking and entering a dwelling house in the day-time, with the intent to commit the larceny charged in the information, which is burglary in the third degree under the statute: (§§ 69, 63, 61, Gen. Stat., pp. 331, 330, 329.) And the defendant was also charged with stealing certain goods of the value of fifty dollars from the said dwelling house, which is grand larceny: (§§ 78, 81, Gen. Stat., 332, 333.) The verdict of the jury was as follows: " We the jury sworn and empanneled in this action do upon " our oaths fiᵣ ˙ Charles D. Brandon guilty of grand larceny " to the amount of fifty dollars." We have no doubt but that a defendant, charged with both burglary and larceny, may be found guilty of the larceny only: (§ 122, Gen. Stat., 840; 2 Arch. Cr. Pr. & Pl., 328, 341; 1 Russell on Cr., 839, 840, 841; 1 Wharton Am. Cr. L. § 560, *et seq;* id., § 617; 2 id., §§ 1615, 1616; 3 Chitty Cr. L., 1114, 1115; Roscoe Cr. Ev., 367, 368.) And the verdict in this case is undoubtedly sufficient as a verdict for grand larceny. The judgment and order of the court below are reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.