JAMES AIKEN v. STATE OF NEBRASKA.

FILED JUNE 26, 1894.    No. 6723.

1. Indictment and Information: OBJECTIONS: WAIVER. Objection to an indictment or information on the ground of duplicity must be made before verdict, or it will be held to have been waived.

2. ————. DIFFERENT CRIMINAL ACTS which constitute parts of the same transaction, such as burglary with intent to steal particular property, and larceny of the property described, may be charged in the same indictment or count thereof.

ERROR to the district court for Douglas county. Tried below before KEYSOR, J.

*G. A. Rutherford* and *D. F. Osgood*, for plaintiff in error.

*George H. Hastings, Attorney General,* for the state.

POST, J.

The plaintiff in error was convicted of the crime of burglary by the judgment of the district court of Douglas county, and which he now seeks to reverse by means of a petition in error addressed to this court.

The first proposition argued is that the indictment is bad for duplicity. The charge of burglary, which is in the usual form, is followed by the further allegation that "the said James Aikin and   *   *   *   then and there being in said storehouse nineteen pieces of English worsted of the value of $275, and   *   *   *   the personal property of said Soren Larsen, then and there being found in said storehouse, feloniously and burglariously did steal, take, and carry away." To that contention a sufficient answer is that no objection was made to the indictment until after verdict. Where two or more distinct felonies, arising out of different transactions, are charged in the same indict-ment, the prosecutor will, on motion of the accused, be required to elect upon which charge he will proceed; but such objection must be made before trial and verdict, otherwise it will be waived. (*Thompson v. People,* 4 Neb., 524.)

2. The indictment is, however, free from the vice imputed to it. Where different criminal acts constitute parts of the same transaction, they may be charged in the same count. There are many illustrations of this rule, among

which are burglary and larceny. It is permissible to charge a burglary only, as that the accused broke and entered with intent to steal property, and also a larceny, as that he then and there stole the property described; and such an indictment will sustain a conviction for either of the crimes charged. (1 Bishop, Criminal Procedure, 423, 439; *Breese v. State*, 12. O. St., 146; *State v. Brandon*, 7 Kan., 106; *State v. Hayden*, 45 Ia., 12; *State v. Brady*, 14 Vt., 353; *Commonwealth v. Tuck*, 20 Pick. [Mass.], 356; *Josslyn v. Commonwealth*, 6 Met. [Mass.], 236.)

3. It is contended, also, that the evidence is insufficient to sustain the conviction; but that contention is based upon the proposition that the jury should have accepted the testimony of the witnesses for the accused rather than of those for the state. It was for the jury to say which set of witnesses should be credited. There is no error in the record and the judgment is

AFFIRMED.