## THE STATE OF KANSAS v. A. B. TREADWELL.

54 513
57 255

54 513
59 596

54 513
67 159

1. CRIMINAL CASE — *Review — Competency of Jurors — Verdict, not Disturbed.* In the trial of a criminal case, where the testimony of the state as to the guilt of the defendant was clear and convincing, and no testimony whatever was offered on behalf of the defendant, and where his counsel even declined to argue the case to the jury, and where from the whole record it appears clear that any fair, honest jury must have returned a verdict of guilty, upon an appeal such verdict should not be disturbed upon objections to the qualifications of jurors unless error is clearly shown.

2. COMPETENT JURORS — *Challenge, Overruled.* Some of the jurors had impressions or beliefs as to the commission of the offense charged which were not of a positive and fixed character, but were derived solely from rumor and newspaper statements, and they appeared to have been free from any bias or prejudice and to be able to fairly consider the testimony and render an impartial verdict in the case. *Held,* That the overruling of the challenge to the retention of such jurors is not sufficient ground for reversal.

3. BURGLARY — *Defective Verdict.* Where an information charges burglary in the first degree, a verdict finding the defendant guilty as charged, without specifying the degree of burglary of which they found the defendant guilty, is fatally defective, and no judgment can be legally entered thereon.

4. LARCENY — *Valid Verdict.* Where the information also charges larceny in a dwelling house, of which there are no degrees, a verdict that he was guilty as charged is valid, and a separate judgment entered thereon may be sustained.

*Appeal from Lyon District Court.*

A. B. TREADWELL, convicted of burglary and larceny, appeals. The facts appear in the opinion herein, filed January 5, 1895.

*J. Jay Buck,* for appellant.

*John T. Little,* attorney general, and *W. C. Simpson,* county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: The defendant was prosecuted upon an information which charged that on March 3, 1894, he feloni-

ously and burglariously broke and entered the dwelling house of C. Hood, in the nighttime, with the intent to commit a larceny, and he did steal and carry away a gold watch, of the value of $150, which was the property of C. Hood. He was found guilty of both burglary and larceny, and the judgment of the court was, that for the crime of larceny the penalty should be imprisonment in the penitentiary for the period of three years, and for the crime of burglary he should be imprisoned in the penitentiary for a term of 20 years. One of the grounds for appeal is the action of the court in overruling challenges for cause made against several of those who were called as jurors. The testimony of the state as to the guilt of the defendant was clear and convincing, and there was no testimony offered on behalf of the defendant. His counsel declined to argue the case to the jury, and from the whole record it is clear that from any fair, honest jury a verdict of guilty was inevitable. Under such circumstances, the verdict should not be disturbed upon objections to the qualifications of jurors, unless error is clearly shown. While the defendant made no defense, he was entitled to an impartial jury, constituted as the law requires. But we cannot say that any of the jurors retained were disqualified to fairly try and decide the case. As in the case of *The State v. Treadwell*, just decided, some of them had impressions or beliefs that a burglary and larceny had been committed, but they were derived solely from rumor and newspaper statements, and were not of such a fixed and positive character as to disqualify. The jurors appeared to be free from bias or prejudice, and no reason was shown why they could not fairly consider the testimony and render an impartial verdict in the case.

A more serious objection is urged against the verdict. The information contained a single count, which charged burglary in the first degree and larceny in a dwelling house. The verdict returned by the jury was fatally defective in failing to specify the degree of burglary of which they found the defendant guilty. He was charged with burglary in the first degree, under § 61 of the crimes act, and the jury might under

that charge have found him guilty of burglary in the second degree, under § 63 and § 65 of the same act. (Crim. Code, §§ 121, 122; *The State v. Behee,* 17 Kas. 402.) The sufficiency of the verdict was duly challenged by motion of the defendant, but the court erroneously overruled the motion, and entered judgment upon the defective verdict. It is well settled in this state that a verdict in such a case, although not absolutely void, is so defective that no sentence can be legally entered thereon. (*The State v. Reddick,* 7 Kas. 143; *The State v. Huber* 8 id. 447; *The State v. Jennings,* 24 id. 642; *In re Black,* 52 id. 64.) This ruling will not disturb the judgment as to the larceny. It was competent to charge both offenses in the same count, and in such a case the defendant may be found guilty of either or both offenses. (*The State v. Brandon,* 7 Kas. 106.) He was charged with larceny in a dwelling house, and as any larceny in a dwelling house is a felony, without regard to the value of the property stolen, and as there are no degrees of such a larceny, the verdict that he was guilty of larceny, as charged in the information, may be sustained. The burglary and larceny are separate and distinct offenses, and as a separate penalty was adjudged for the larceny, that judgment may stand. It follows that the judgment convicting the defendant of burglary must be reversed, and the one convicting him of larceny must be affirmed.

All the Justices concurring.