HARRISON H. BLODGETT V. STATE OF NEBRASKA.

FILED JANUARY 7, 1897.   No. 8465.

1. **Indictment** and **Information**: OBJECTIONS. A motion or objection directed to an indictment or information as a whole will be overruled unless applicable to each count thereof.

2. ———: DUPLICITY: ATTORNEYS: MALPRACTICE: CONTEMPT. A charge of malpractice against an attorney and counselor at law may be joined with a prosecution for a contempt of court where both charges involve a single transaction.

3. **Contempt**: FINDING: REVIEW. A finding without a judgment in a summary prosecution for contempt of court will not be reviewed by means of proceedings in error.

4. **Indictment and Information**: TEST OF SUFFICIENCY. The test by which to determine the sufficiency of an indictment is whether enough remains after rejecting all unnecessary averments thereof to satisfy the requirements of the statute.

5. ———: REMEDY OF ACCUSED. The remedy of the accused in an indictment or information is by plea and not by motion to strike unnecessary and immaterial allegations.

ERROR to the district court for Lancaster county. Tried below before HALL, HOLMES, and CORNISH, JJ. *Modified.*

*James E. Philpott,* for plaintiff in error.

*A. S. Churchill, Attorney General, George A. Day, Deputy Attorney General,* and *W. H. Woodward, County Attorney,* for the state.

POST, C. J.

The plaintiff in error was prosecuted in the district court for Lancaster county by means of an information presented by the county attorney, in which he is by the first count charged with a constructive contempt of court, in the willful attempt to hinder the due administration of justice in a proceeding pending before said court, and by a second count thereof with malfeasance as an at-

torney and counselor at law under the provisions of section 6, chapter 7, Compiled Statutes, entitled "Attorneys." The allegations of the first count which are deemed material to the present inquiry are, in substance, as follows: The plaintiff in error, on the 24th day of October, 1895, being the defendant in an action then pending and on trial in said court, in which the Lincoln Savings Bank was plaintiff, willfully conspired with one Wenzel to corrupt certain jurors previously impaneled and sworn to try the issues in said cause; that pursuant to such conspiracy, and with the knowledge and procurement of the plaintiff in error, said Wenzel approached one of the jurors so engaged in the trial of said cause and with money furnished for such purpose by the plaintiff in error treated said juror to intoxicating liquors, and at said time requested him, the said juror, to "stand for Blodgett," meaning thereby that said juror should in said cause endeavor to secure a verdict favorable to the plaintiff in error. The second count differs from the first in one respect, viz.: the plaintiff in error is therein described as an attorney and counselor at law, engaged in the practice of his profession in the courts of this state, and it is charged that the acts above enumerated were done by him as such attorney and counselor at law, with intent, corruptly, to influence and deceive the district court in the disposition of the cause above mentioned. Upon the filing of said information the plaintiff in error, who had in the meantime been arrested in obedience to a *capias* issued by order of court, was, on his own request, allowed time within which to plead thereto. He subsequently interposed motions to strike portions of each count, and to quash each count of the information, on the ground of misjoinder, which motions were in turn overruled, as were also demurrers to the several counts. He thereupon filed an answer denying *seriatim* the material allegations of the information, and demanding that he be discharged and the proceeding against him dismissed, which motion was likewise overruled. Having refused

to plead further, a plea of not guilty was entered by order
of court, which was followed by. a hearing and general
finding of guilty as to each count of the information,
upon which judgment was entered disbarring the accused
from practice as an attorney and counselor before the
district court for the third judicial district, and commit-
ting him to the custody of the sheriff until payment of
the cost of prosecution, taxed at $——.

In this proceeding to review the judgment thus ren-
dered we will, for convenience, first notice the assign-
ments which present the refusal to dismiss the informa-
tion upon the filing of the answer to which reference has
been made.    It has been held that in all prosecutions for
contempt arising out of proceedings in common law
actions, or which are cognizable by courts of law as dis-
tinguished from courts of equity, the answer of the ac-
cused unequivocally denying the alleged contemptuous
act, unless committed in *facia curiæ*, is conclusive in his
favor.    (4 Ency. of Pl. & Pr., p. 795, and cases cited.)
But the applicability of that rule to our practice is a
question not presented by this record, since the motion
was directed to the information as a whole and not
merely to the charge of contempt.    The argument of the
plaintiff in error, so far as it relates to this branch of the
case, appears to rest upon the assumption that a proceed-
ing for the disbarment of an attorney is in effect a
prosecution for contempt of court, and governed by the.
rules of practice incident thereto.    The fact that a con-
tempt may and in practice frequently has been held to
be sufficient ground for disbarment has no doubt led to
some confusion upon the subject, although the source of
jurisdiction in the two classes of cases, as well as the end
to be subserved by the respective proceedings, is essen-
tially different.    A contempt by a licensed attorney may,
and indeed frequently does, constitute grounds for dis-
barment, but it by no means follows that cause for dis-
barment, of necessity, amounts to a contempt.    The dis-
tinction between the two proceedings is thus correctly

stated by the supreme court of Colorado: "The purpose
of proceedings for contempt and those for disbarment,
and the powers and duties of courts in connection there-
with, must not be confused. The former may be termed
a police regulation or power for the protection of the
court from present direct interference and annoyance in
a trial or proceeding taking place before it; the latter
is intended to protect, generally, the administration of
justice, to save the legal profession from degradation by
unworthy membership, and to guard the interests of liti-
gants against injury from those entrusted with their legal
business. The power to act in connection with the former
is lodged in the court before or against whom the offense
is committed; authority to proceed in the latter is pos-
sessed exclusively by the tribunal authorized to grant
licenses admitting to the profession; the former is pun-
ished by fine or imprisonment, and in many instances the
proceeding is summary and largely *ex parte;* the sole
penalty in connection with the latter is a prohibition
from practicing in courts of record, and this judgment
can only be entered upon notice of the charge preferred
and a full hearing in defense; ample time for preparation
being given and all legitimate defenses being allowed
and considered." (*People v. Green,* 7 Colo., 244.) What-
ever might have been the merits of the objection had it
been confined to the charge of contempt alone, it was, as
directed to the information as a whole, not well taken,
and the order overruling it is accordingly free from error.

Much has been said in argument respecting the joinder
of the proceeding for disbarment with the prosecution for
contempt. We are, however, unable to perceive any sub-
stantial objection to the practice complained of. There
was, it should be observed, no motion or request for an
order requiring the county attorney to elect between the
two counts of the information. Where two or more dis-
tinct felonies, arising out of different transactions, are
charged in the same indictment or information, the prose-
cutor will, on motion of the accused, be required to elect

upon which he will proceed.    Such objection must, how-
ever, be made before trial and verdict, otherwise it will
be waived.    (*Thompson v. People,* 4 Neb., 524; *Aiken v.
State,* 41 Neb., 263.)    But the information in this case is,
we think, free from the vice imputed to it.    Where differ-
ent criminal acts constitute parts of the same transac-
tion, they may be joined in the same indictment or count
thereof.    "There are," as said in *Aiken v. State, supra,*
"many illustrations of this rule, among which are burg-
lary and larceny.    It is permissible to charge a burglary
only, as that the accused broke and entered with intent
to steal property, and also a larceny, as that he then and
there stole the property described; and such an indict-
ment will sustain a conviction for either of the crimes so
charged."    If we concede, for the purpose of this dis-
cussion, that the inhibition against the joinder of distinct
offenses is applicable to summary proceedings of the
character here involved, it by no means follows that there
is in this instance a transgression of the rule stated.    It
is, on the contrary, obvious that the two counts refer to
the same transaction, of which the district court might
have taken cognizance whenever brought to its attention
by information or otherwise.    And the statement in the
second count of the plaintiff in error's character as an
attorney and counselor at law is, we have no doubt, per-
missible under the rule recognized in *Aiken v. State,* 41
Neb., 263.    But the objection is, at this time, without
force for another reason.    Although the finding appar-
ently includes both counts of the information, the judg-
ment is responsive to the second count, and the penalty
imposed is that prescribed by section 6, chapter 7, Com-
piled Statutes, viz.: The disbarment of the accused as an
attorney and counselor at law.    The record, therefore,
so far as it relates to the alleged contempt, unaffected by
the charge of malfeasance as an attorney, like that of a
verdict without a final judgment, cannot be made the
subject of a review by means of a petition in error.

The remaining questions relate to the refusal of the dis-

trict court, on the motion of the plaintiff in error, to strike portions of the information. To set out at length the allegations assailed would result in the unwarranted prolonging of this opinion. They are, it may be conceded, matters of detail only, unnecessary in the statement of the offenses sought to be charged, and which should be rejected as mere surplusage. Unnecessary minuteness of description may operate to the prejudice of the prosecution, since no allegation, necessary or unnecessary, descriptive of that which is legally essential to the charge of the indictment can be rejected as surplusage." (1 Bishop, Criminal Procedure, sec. 485.) But, in general, unnecessary averments in an indictment or information "may be treated as mere waste material, to pass unnoticed, and having no legal effect whatever." (1 Bishop, Criminal Procedure, sec. 478.) The test by which to determine the sufficiency of an indictment is "whether enough remains after the rejection of all redundant matter to satisfy the requirement of the law." And the remedy of the accused is, in every such case, by plea, and not by motion to strike the unnecessary averments.

The attorney general has, it should be stated, expressed a doubt of the jurisdiction of the district court to commit plaintiff in error for non-payment of costs. The theory upon which the court acted in the imposition of that part of the penalty is not apparent from the record or briefs of counsel. We are satisfied, therefore, without pursuing the subject, to so modify the judgment as to award execution for taxable costs, in accordance with the statute above cited. The judgment as thus modified will be affirmed.

JUDGMENT ACCORDINGLY.