HARVEY MCKENZIE V. STATE OF NEBRASKA.

FILED MAY 23, 1925.   No. 24518.

1. **Information.** When an information alleges all the facts or elements necessary to constitute the offense described in the statute and intended to be punished, it is sufficient.

2. **Blackmail:** THREAT. To constitute the offense of blackmail as defined in section 9582, Comp. St. 1922, it is not necessary that the threat "of exposure for crime" shall relate to and be made with reference to an alleged act of the individual from whom the extortion is attempted, but the threat of exposure may be with reference to an act or acts of any person or persons whose relation to the threatened individual, either by ties of blood or affection, is such that the threatened exposure thereof and the fear of disgrace, humiliation, or ridicule consequent therefrom,

does overcome the will of the individual so threatened, and from whom the extortion is attempted, and causes him to pay money or give property, which, but for such threat or threats and exposure, would not have been paid or given.

3.   Constitutional Law:   ACT DEFINING BLACKMAIL.   The act of 1909 (Laws 1909, ch. 162, Comp. St. 1922, sec. 9582), defining blackmail and providing a penalty therefor, does not violate that part of section 14, art. III of the Constitution, which provides: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title.   And no law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed."

4.   Blackmail:   DEFENSE.   It is no defense in a prosecution for extortion under section 9582, Comp. St. 1922, that the owner of the money paid or property delivered was indebted to the wrongdoer in an amount as great as the sum taken or the value of the property taken, and which amount was then legally due.

5.   Instructions examined, and approved as correct statements of the law under the circumstances presented by the record.

6.   Information.   Count 1 of the information *held* to have properly and sufficiently charged a crime under section 9582, Comp. St. 1922.

7.   Evidence examined, and *held* to support the verdict.

ERROR to the district court for Gosper county:   CHARLES E. ELDRED, JUDGE.   *Affirmed.*

*Samuel A. Dravo* and *Edward J. Lambe,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

EVANS, J.

The plaintiff in error (hereinafter called the defendant) was convicted in the district court for Gosper county under an information charging him, in count 1, with a violation of section 9582, Comp. St. 1922, and, in count 2, with a violation of section 9579, Comp. St. 1922.   At the close of the state's evidence, on the defendant's motion, the court

required the state to elect upon which count it would rely, and it elected to rely and proceed under count 1. All evidence pertaining to count 2 was properly withdrawn from the jury and it will not require further consideration. The defendant was sentenced "to pay a fine of $300 and costs of prosecution and to stand committed to jail until the fine and costs are paid."

The errors assigned are: (1) The information is fatally defective, in that it does not charge a crime under either section 9579 or section 9582, Comp. St. 1922; (2) the evidence does not support the verdict; (3) the court's instructions Nos. 1 to 7, inclusive, severally are foreign to the issues, erroneous, and prejudicial to the defendant; (4) the court erred in overruling defendant's motion in arrest of judgment and the defendant's motion for a new trial.

Assignment No. 1. The count of the information under which the defendant was tried, excluding the formal parts, is in the following language:

"In Gosper county, Nebraska, on or about the 11th day of March, 1924, Harvey McKenzie, the defendant, maliciously, feloniously, and unlawfully under threats of exposure for crime, in this, to wit, said Harvey McKenzie threatened to accuse and expose one Dick Miles the minor son of J. M. Miles for the crime with others on or about the first day of March, 1924, in the county of Gosper and state of Nebraska, of stealing, taking and carrying away the sum of $500 in money property of Harvey McKenzie and did then and there extort and demand of the said J. M. Miles, that unless he did then and there promise to pay to the said Harvey McKenzie the sum of $500 as follows, $100 cash money and $100 on the first day of each month thereafter, until the full sum of $500 was paid by said J. M. Miles to the said Harvey McKenzie, that he the said Harvey McKenzie would cause the said Dick Miles to be arrested and prosecuted for said crime of stealing, taking and carrying away the sum of $500, that said charge was false, and to avoid the said false charges and exposure the said J. M.

Miles, then and there and by reason of said threats, did pay to the said Harvey McKenzie the sum of $100, the property of the said J. M. Miles, which the said Harvey McKenzie then and there under threats of exposure for crime extorted of and from the said J. M. Miles, contrary to the statutes in such case made and provided and against the peace and dignity of the state of Nebraska."

This charges that the defendant, "under threats of exposure for crime"—the larceny of $500 by Dick Miles, son of J. M. Miles—did extort and demand money from J. M. Miles. This, it is claimed, did not charge a crime under the statute. The information charges the crime in the language of the statute, and this is sufficient so far as the formal presentation of the facts, existing in this case, are concerned. *Sandlovich v. State,* 104 Neb. 169; *Goff v. State,* 89 Neb. 287; *Cordson v. State,* 77 Neb. 416. And, unless the phrase, "under threats of exposure for crime," etc., is confined to a threat to expose the particular person from whom it is sought "to extort money or pecuniary advantage," this information is sufficient.

The gist of the crime described in section 9582, Comp. St. 1922, is the extortion of "money or other valuable consideration." *Green v. State,* 157 Ind. 101, See, also, *State v. Debolt,* 104 Ia. 105; *Lee v. State,* 16 Ariz. 291, Ann. Cas. 1917B, 131; *State v. McGee,* 80 Conn. 614; *Eacock v. State,* 169 Ind. 488.

The threats of exposure do not constitute the crime. Rather, it is the duty of the individual to make the exposure, and if he, in fact, is instrumental in causing a prosecution for a criminal act, it will not constitute an offense and probably will merit commendation.

"Extort" means to gain by wrongful methods; to obtain in an unlawful manner; to compel payments by means of threats of injury to person, property, or reputation. *State v. Richards,* 97 Wash. 587. See, also, *State v. Adams,* 30 Del. 335.

"Threat," in criminal law, is a menace or declaration of one's purpose or intention to work injury to the person,

property, or rights of another (*State v. Cushing*, 17 Wash. 544), with a view to restrain a person's freedom of action (Standard Dictionary), and the act of extortion is complete, when one by such threat has produced, in the mind of the person against whom it is made, a fear of such a nature as to affect his mind so as to influence his conduct in such manner that he decides to pay that which he otherwise would not have paid, or to give that which he otherwise would not have given; or, if the result described is brought about under threats of exposure for crime, every element to constitute the crime of blackmail, described in section 9582, *supra,* is present. It follows that whether the threat relates to the conduct of the person from whom it is sought to extort the money or property, or to that of a member of his family, his church, or any group, through or by reason of which his will may be overcome, all the elements of the crime described in this statute appear, and the evils which the legislature sought to cure, and the acts described in the statute, unquestionably are present in every case that could arise under such a construction of the statute. To narrow the construction would do violence to the language used by the law-making body. It will be observed that, while the gist of the act is the securing of another's money or property, another element is the attempt to unduly influence the conduct of another and overcome his will as to a particular course of action.

The defendant urges that the effect of this threat, as alleged, was that he would institute a prosecution for larceny, and hence it was not a threat of exposure, but of accusation, and only applicable to a charge under section 9579, *supra.* In so doing defendant fails to recognize that "expose" is a broader and more comprehensive term than "accuse," and that exposure may be brought about by accusation as well as by the various ways he describes, and be none the less exposure. There may frequently be states of fact constituting an offense under either section 9579 or 9582, *supra.* The present case is such an one.

McKenzie v. State.

The threat was to have Dick Miles arrested for stealing, which must, of necessity, bring publicity and hence "exposure for crime," and it did extort money from J. M. Miles. In section 10074, Comp. St. 1922, it is expressly provided that no indictment shall be in any manner affected because of "any surplusage or repugnant allegation when there is sufficient matter alleged to indicate the crime or person charged; nor for want of the averment of any matter not necessary to be proved."

If we assume that section 9579, *supra*, was nonexistent, the information would charge a crime under section 9582, *supra*. It is alleged that the defendant "threatened to accuse and expose one Dick Miles," etc., but the most that can be said with reference to the words "accuse and" is that they are surplusage. *Hase v. State*, 74 Neb. 493. See, also, *Smith v. State*, 109 Neb. 579. "The test by which to determine the sufficiency of an indictment" or information "is whether enough remains after rejecting all unnecessary averments thereof to satisfy the requirements of the statute." *Blodgett v. State*, 50 Neb. 121. If, therefore, the words "accuse and" are omitted, there remains sufficient to charge the crime of blackmail under section 9582, *supra*. There is alleged in the information all the facts necessary to bring the charge within the intent and meaning of the statute, and when this has been accomplished the information is sufficient.

Assignments No. 2 and No. 4 will be considered together. The theory of the defendant was that he was robbed by the son of the complaining witness of $500, and that he was seeking a return of that which had been wrongfully taken from him, and that he had made no threats to expose and did not attempt to extort money. This was the issue to the determination of which the evidence of both state and defendant was directed. The evidence was conflicting, and the issue was fairly submitted to the jury and its verdict should not be disturbed.

"If a finding of a jury is attacked as not sustained by sufficient evidence, it will not be disturbed by the appellate court unless manifestly wrong." *Ward v. State*, 58 Neb.

719.   See, also, *Shannon v. State,* 111 Neb. 457; *Whitman v. State,* 42 Neb. 841; *Palmer v. People,* 4 Neb. 68.

It will be observed that this rule was adopted by this court early in its history and has been consistently followed until the present time, and no good reason is assigned for a departure therefrom.

In the second division of defendant's argument authority is cited to the effect that, where a threat is made merely in sport, it will not constitute the offense of blackmail.   There is nothing in the record in this case which would authorize or warrant the inference that the defendant had made the threat charged in the information in sport.   Further, he denied having made the threat and admitted having received the money.

Assignment of error No. 3 is the giving of instructions No. 1 to No. 7, inclusive, given by the court on its own motion.   They have been examined and compared with the information and evidence and no error is found therein. The defendant complains that the instructions did not submit the question of intent.   On one page in his argument he calls attention to the fact that under section 9582, *supra,* it is not essential that the threat be made with intent to extort from the person to whom the threat is addressed, and on another page of his argument complains that the court did not so instruct.   There is no error in the instructions.

In subdivision 4 of plaintiff's argument the information is attacked as not charging a crime because it attempts to set forth the specific facts, and that facts set forth are not those described in section 9582, *supra.*   As has been heretofore pointed out, the threat need not refer to some act of the person threatened, but may relate to a member of his family or any one through whom the one threatened may be reached; hence, the allegation that the defendant threatened J. M. Miles is within the limitation of the offense described as to the manner and person to be affected by the threats.

The defendant urges that, because the evidence shows that the arrest of Dick Miles was threatened, it was a threat

to accuse, and if not, then that section 9582, *supra,* is uncon-
stitutional, in that it is, in effect, an amendment of section
9579, *supra,* and that section 9579, *supra,* is not mentioned
in the title to the bill by which section 9582, *supra,* was
enacted.    Section 9579, *supra,* makes it unlawful to mali-
ciously threaten to accuse another of a crime, or to mali-
ciously threaten to injure another or his property, done with
intent to extort from or to compel action against the will of
the person so threatened.    It will be observed that two
distinctly different acts are made unlawful by the provisions
of this section.    The first is a malicious threat to accuse of
crime; and, second, a malicious threat to injure the person
or property of the person threatened.    The latter act is
so entirely dissimilar from the act described in the first
count of the information, and in section 9582, *supra,* that
it is unnecessary to further distinguish it with reference
to section 9582, *supra,* and the offenses described therein.
If the contention of the defendant is to avail, it must ap-
pear that section 9582, *supra,* amends or changes the law
as it stood prior to 1909, the time of the passage of section
9582, *supra.*

The consideration of the question presented makes neces-
sary to some extent an analysis of the section so far as
material to the offense charged in count 1 of the informa-
tion in this case.    To maliciously threaten to accuse of crime
is not the same as a malicious accusation.    The latter is to
procure the accusation or prosecution of another from im-
proper motive and without probable cause, and is very sim-
ilar to malicious prosecution.    To maliciously threaten to
accuse of crime does not necessarily mean that the prose-
cution is intended at all, but means that one acts with
evil intent and evil motive by threats of criminal prosecu-
tion, through fear of which prosecution the will of the in-
dividual threatened is intended or attempted to be over-
come.    The act made criminal is the intent to extort money
or to compel action against the will of the person threat-
ened because of fear of prosecution for a criminal offense,
the fear being induced because of apprehended accusation

and punishment in a court, or by or through a prosecution therein. In section 9582, *supra,* the offense described is the extortion or attempted extortion of money or property from a person by threats of exposure, making public, a crime, misdemeanor, indiscretion, or scandal. In the latter case the will of the individual threatened is overcome through his fear of disgrace, humiliation, or ridicule of himself, his family, or someone near to him by ties of blood or affection. In section 9579, *supra,* the motive under which a threatened individual acts is fear of punishment administered through a court. In section 9582, *supra,* the motive which impels the action is fear of publicity. Under the former section malice is an essential element in the crime, and it need not be present in the latter. While, in this case, the threatened exposure was to be by a prosecution or arrest, and if the jury, under proper instruction, had found from the evidence that the threats were maliciously made, it would have supported a verdict under count 2 charging the offense under section 9579, *supra.* The facts alleged and found none the less constitute a threat of exposure. *State v. Arnold,* 31 Neb. 75.

It is well recognized that frequently two offenses may grow out of the same transaction. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either does not exempt the defendant from prosecution and punishment under the other. It is apparent that these two sections illustrate this principle or rule. 16 C. J. 272, sec. 453.

The defendant under division 3 of his argument urges his right to receive such money or property as he claimed was due him. But this proposition was fairly and correctly submitted to the jury by paragraph No. 7 of the court's instruction, as follows:

"You are instructed that, where property is stolen or taken from the owner against his will and consent, the owner has the legal right to receive or accept a return of the same from the party who stole it, or from another act-

ing for his interests, if the same can be secured without resorting to threats of exposure or prosecution; and in this case, if you believe from the evidence that the defendant lost five-hundred dollars, on or about the 1st day of March, 1924, and that the son of J. M. Miles took the same from the defendant against his will and consent, and if you further believe that the defendant peaceably, and without threats of exposure or prosecution for crime, did obtain a return of the money stolen, if you so find, or some part thereof, from the said J. M. Miles, then you should find the defendant not guilty."

It makes no difference that the money sought to be extorted in violation of the act was legally due. *Murphey v. Virgin,* 47 Neb. 692. See, also, *Tuyes v. Chambers,* 144 La. 723. That is, an individual cannot, by threats of exposure as to some criminal or scandalous act not connected with the transaction out of which the debt arose, compel its satisfaction without becoming liable to a prosecution under this provision. J. M. Miles was not legally liable for the $500, even though his son may have taken it, and for the defendant to extort from J. M. Miles by threats of exposure was to make the defendant liable to a prosecution under section 9582, *supra.*

The court find no error in the record, and the judgment is

AFFIRMED.