GROVER STAPLEMAN, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

34 N. W. 2d 907

Filed December 3, 1948. No. 32427.

*Lloyd W. Kelly* and *Paine & Paine,* for plaintiff in error.

*Walter R. Johnson,* Attorney General, *Clarence S. Beck,* and *Homer L. Kyle,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

Plaintiff in error was convicted of statutory rape and sentenced to serve eight years in the state penitentiary. He comes to this court by petition in error to secure a review of the case.

The plaintiff in error was a man 56 years of age at the time of the alleged offense. He had resided in Grand Island for approximately four years. He was engaged in selling used cars and in buying iron, copper, brass, and batteries. He carried on this business at the place of his residence. He lived in a trailer house located on a lot which he owned. He had never married. The prosecutrix was a girl 14 years of age. She had lived in Grand Island with her mother since she was a small girl. She states that her home was about two miles from the home of plaintiff in error.

The evidence shows that plaintiff in error permitted several young people from 13 to 19 years of age to frequent his place. On occasion he would give them food and candy, and give or loan them small amounts of money. Among the young girls who frequently visited plaintiff in error was the prosecutrix, Juanita Davidson. She testifies that on December 27, 1946, at 7:15 p. m. she came to the residence of plaintiff in error, who informed her that her sister and other young folks were coming over for a party and importuned her to stay until they came. She says plaintiff in error produced some whisky and that she had several drinks. She says that she "started getting drunk" and sat down on a cot. Plaintiff in error then made advances which finally resulted in an act of sexual intercourse. Prosecutrix says she then left and went to a nearby ladies rest room until she sobered up. She returned home about 9:30 p. m. and informed her mother that she had been at the home of a girl friend. The following day plaintiff in error came to the home of the prosecutrix and in the presence of her sister and brother told her he wanted to buy her a Christmas present. She went with him and he purchased a coat and dress for her. There is evidence in the record by other girls who visited plaintiff in error to the effect that he had shown them lewd pictures and cartoons and that he had made indecent exposures of his person in their presence. The prose-

cutrix testifies that these pictures and cartoons were shown to her by plaintiff in error when another boy and girl were present. There is evidence in the record that he made improper advances to one other girl who frequented the place.

Plaintiff in error denies the acts charged. He says that the prosecutrix was at all times unfriendly to him and made no complaint until trouble arose between him and her boy friend over a truck which the latter borrowed and damaged. The evidence shows that no complaint was made by the prosecutrix until five months after the happening of the alleged crime. The record shows further that the complaint was filed after prosecutrix was returned to Grand Island after running away and living with a 19-year-old boy.

The foregoing is substantially the evidence upon which the jury returned a verdict of guilty. Plaintiff in error contends that numerous errors occurred at the trial which require a reversal.

Plaintiff in error was originally charged on seven different counts with crimes ranging from indecent exposure of the person to rape. Five counts were dismissed by the state prior to the trial. The plaintiff in error went to trial on the charges of rape and indecent exposure. At the conclusion of the state's case the count charging indecent exposure was dismissed by the state. Plaintiff in error asserts that it is error to permit a joinder of a felony and a misdemeanor in the same information when the misdemeanor is not wholly proved by evidence properly introduced upon the greater. The foregoing states the rule correctly and if plaintiff in error had moved to require the state to elect upon which count it would proceed, it would have been error not to sustain it. Longsine v. State, 105 Neb. 428, 181 N. W. 175. But in the present case no objection was made to the joinder before or after the trial had commenced. In fact, the record shows an unchallenged statement by the trial judge that "it is agreed in open court that the defendant

shall be tried only on Counts One and Three." There being no objection made, it will be deemed to have been waived. Aiken v. State, 41 Neb. 263, 59 N. W. 888; Blodgett v. State, 50 Neb. 121, 69 N. W. 751.

Complaint is made of the admission of certain evidence tending to sustain the charge of indecent exposure. This evidence was given in support of a charge to which no objection had been made. It was not improperly offered at the time, but, even if it were, timely objection was not made to its admission. Consequently error cannot be predicated thereon. State v. Neimer, 147 Neb. 284, 23 N. W. 2d 81. See, also, Galloway v. State, 88 Neb. 447, 129 N. W. 987. The court however orally instructed the jury at the time the charge of indecent exposure of the person was dismissed that it should disregard all evidence adduced to sustain that charge. No mistrial was demanded at the time, nor was objection made to the manner in which the trial court disposed of the matter. If plaintiff in error was dissatisfied with the trial court's ruling, he was bound to make it known and give the court an opportunity to correct any error that it may have made. After taking his chances on a favorable verdict without making any objection, the error, if any, will be deemed to have been waived. Ordinarily an oral instruction to the jury that certain testimony should not be considered by it is sufficient to protect the interests of a defendant against any prejudice arising therefrom. If the instruction is deemed insufficient, the claimed error can be preserved only by voicing timely objection.

Plaintiff in error contends that the evidence was not sufficient to sustain a conviction for the reason that the story told by the prosecutrix was not corroborated. Under the law of the state, an accused charged with rape cannot be convicted solely on the uncorroborated testimony of the prosecutrix. The nature of the crime is such however that eyewitnesses seldom are available. It is not essential that the prosecutrix be corroborated as to

the particular act constituting the offense. If she is corroborated as to material facts and circumstances which tend to support her testimony and from which, together with her testimony as to the particular act, the inference of guilt may be drawn, it is sufficient. Beer v. State, 129 Neb. 366, 261 N. W. 824.

We think the testimony of prosecutrix is sufficiently corroborated to sustain the conviction. Prosecutrix states and plaintiff in error admits that prosecutrix frequented the trailer house where he lived. He curried the favor of prosecutrix, and other young girls who came to his place, by giving them food and candy and giving or loaning them small amounts of money. There is evidence that he showed them lewd pictures and cartoons from which the jury might well infer that plaintiff in error was laying the ground work for the success of his immoral designs. The evidence of other witnesses that he made indecent exposures of his person at or near the time of the offense charged is corroborative of his lascivious inclination toward prosecutrix. He purchased clothes for the prosecutrix the day following the specific act with which he is charged without a very good reason for doing so. We think this evidence shows opportunity, inclination, and a lustful purpose sufficient to corroborate the evidence of prosecutrix that he did in fact engage in sexual intercourse with her at the time and in the manner charged. Prosecutrix being under the age of 15 years, intent to rape is not an element of the crime and the consent of the prosecutrix is not a defense. We deem the evidence sufficient to sustain the verdict of the jury. Smith v. State, 127 Neb. 776, 257 N. W. 59; Hudson v. State, 97 Neb. 47, 149 N. W. 104; Whetstone v. State, 99 Neb. 469, 156 N. W. 1049.

Complaint is made of the action of the trial court in sentencing the accused before the motion for a new trial was overruled. While the better practice is to delay the sentencing of the accused until after the motion for a new trial is overruled, it is not reversible error to do

so except where the rights of the accused were prejudiced thereby. The motion for a new trial having been properly overruled, the premature sentencing of the accused did not prejudice his rights.

Plaintiff in error contends the sentence is excessive. The Legislature has fixed the penalty for rape at not less than 3 nor more than 20 years in the penitentiary. The trial court fixed the penalty at eight years. The defendant was 56 years of age. He made his trailer house a resort for young people of both sexes. He paved the way for his immoral advances with lewd talk, obscene literature, and indecent exposures of his person. His act was the climax of a series of studied artifices deliberately calculated to bring about the result attained with prosecutrix. His dissolute conduct contributed to the moral degeneration of many other young persons of both sexes who came under his influence. No mitigating circumstances are shown in the record. We do not see how any could exist. The trial court undoubtedly considered all this when it sentenced the defendant. We think, as did the trial court, that the sentence was commensurate with the offense committed. The judgment is affirmed.

AFFIRMED.