# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-60609

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALMA LEWIS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-cr-00039

Before JONES, Chief Judge, and WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This is a direct appeal from a misdemeanor conviction for blackmail in violation of 18 U.S.C. § 873. Appellant challenges the denial of a Rule 29 motion for judgment of acquittal, arguing that there was insufficient evidence to sustain the conviction. Appellant also challenges the district court's exclusion of certain evidence. Concluding that the evidence is sufficient to sustain the conviction and that the district court did not abuse its discretion in excluding the evidence, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.    FACTUAL AND PROCEDURAL HISTORY

Appellant Alma Lewis (Lewis), a veteran of the armed forces, filed a claim pursuant to 38 U.S.C. § 1151 with the Department of Veterans Affairs (VA), alleging that she had been injured by the negligent performance of VA doctors during her hernia operation. The claim was denied, and Lewis filed a notice of disagreement to begin the administrative appeal process. She requested her medical records from the VA. Thereafter, she received the medical records of two other veterans but not her own records. She delivered a copy of the records to the local paper on the same day she received them.

Lewis contacted several employees at the VA and was asked to return the records. Lewis responded that she would not return the records unless they expedited her case and she received a favorable decision. Lewis told one VA employee that she knew someone at a newspaper and that she had enough information in the other veterans' records to commit identity theft. Several VA personnel, including an assistant veterans service center manager and a staff assistant spoke with Lewis about returning the records. Lewis talked about "the damage she could cause by having them." Lewis called Leona Moye, a management analyst in Washington, D.C., who answered calls for the Secretary of the VA, and asserted that she "was going to keep those records until her claims were processed" by the VA. Lewis told Moye that she was entitled to the disability benefits from the VA.

The VA contacted Special Agent John Ramsey at the Office of the Inspector General and informed him that Lewis would not return the other veterans' medical records. Agent Ramsey called Lewis, and she admitted that she had previously received the records, which contained "enough sensitive information to reroute government checks for medications and basically to commit identity theft, if she so desired." However, Lewis told Agent Ramsey that she no longer had the records and that she had already given them to the

newspaper. Agent Ramsey then obtained a search warrant for Lewis's house. He searched her house when she was not at home and was able to recover the records, which had been hidden underneath a pillow.

A grand jury returned an indictment charging a single count of misdemeanor blackmail in violation of 18 U.S.C. § 873, which provides that: "Whoever, under a threat of informing, or as a consideration for not informing, against any violation of any law of the United States, demands or receives any money or other valuable thing, shall be fined under this title or imprisoned not more than one year, or both." More specifically, the indictment charged that:

> On or about December 14, 2006, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendant, **ALMA LEWIS**, did unlawfully, willfully and knowingly demand a thing of value from the Department of Veterans Affairs as a consideration for not disclosing that the Department of Veterans Affairs had Wrongfully Disclosed Individually Identifiable Health Information, to-wit: the defendant, **ALMA LEWIS** telephoned the Department of Veterans Affairs stating that in consideration for a favorable decision granting the defendant, **ALMA LEWIS** veterans benefit, she would not report the wrongful disclosure of other veterans' health information to the Sun Herald, a local newspaper and a local television station, all in violation of Section 873, Title 18 United States Code.

Lewis consented to have her jury trial presided over by a magistrate judge. At trial, the government introduced the evidence previously set forth regarding Lewis's receipt of and refusal to return the other veterans' records. Lewis, testifying in her own defense, denied that she had told the VA personnel that she would not take the records to the media if her claim was granted. She also testified that she told them "I want you to give [me a favorable decision on my claim] because I deserve it" and not "because you messed up and sent me somebody else's record." The jury rejected Lewis's testimony and unanimously found her guilty as charged. The magistrate judge sentenced Lewis to two years

of probation, with four months of home confinement and a $1,000 fine. The magistrate judge denied her motion for judgment of acquittal brought pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Pursuant to 18 U.S.C. § 3402, Lewis appealed to the district court, which denied her claims of insufficient evidence and evidentiary error. She now appeals to this Court.

## II.    ANALYSIS

### A.    Sufficiency of the Evidence

Lewis contends that the evidence was insufficient to sustain her conviction for blackmail. The elements of the instant offense are: (1) demanding money or other valuable thing from the victim; (2) under a threat of informing, or as a consideration for not informing, against (3) a violation of a law of the United States. 18 U.S.C. § 873; *see United States v. Holmes*, 110 F. Supp. 233, 235 (S.D. Tex. 1953).

The crux of Lewis's argument is that because it is undisputed that she gave the records to the newspaper prior to contacting the VA, she is not guilty of blackmail under the statute. She thus argues that the district court erred in denying her Rule 29 motion. When the sufficiency of the evidence has been contested in a Rule 29 motion in the district court, we review the sufficiency of the evidence to determine "whether a rational juror could have found the elements of the offense proved beyond a reasonable doubt." *United States v. Kay*, 513 F.3d 432, 452 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, --- U.S. ----, 129 S.Ct. 42 (2008).

On appeal, Lewis is not arguing that the evidence was insufficient to demonstrate that she made a threat to inform the newspapers of the VA's breach of privacy to obtain monetary benefits. Instead, her argument is that because she had already carried out the threat, she had "no 'quid' with which to bargain for the alleged illegal 'quid pro quo.'" Lewis does not cite a single authority for this proposition. It may be that Lewis is attempting to raise the defense of legal

impossibility. Traditionally, although legal impossibility is a defense to a charge of attempt, factual impossibility is not. *See* W. LaFave & A. Scott, *Handbook on Criminal Law* § 60 at 438 (1972). "Legal impossibility occurs when the actions which the defendant performs, or sets in motion, even if fully carried out as he desires, would not constitute a crime." *United States v. Conway*, 507 F.2d 1047, 1050 (5th Cir. 1975). "Factual impossibility denotes conduct where the objective is proscribed by the criminal law but a circumstance unknown to the actor prevents him from bringing it about." *Id.* Here, the latter defense is clearly not applicable because Lewis is not claiming that there were facts unknown to her that thwarted her from completing the offense. Lewis has not shown the former defense because, as explained below, she did complete the offense of blackmail under § 873.[1]

In *United States v. Stevenson*, the defendant was convicted of threatening to assault a federal probation officer. 126 F.3d 662 (5th Cir. 1997). On appeal, the defendant argued that the government had failed to prove he had the necessary intent. *Id.* at 664. He argued that "his incarceration made it impossible for him to carry out his threats toward" the probation officer. This Court explained that the "key point is whether the defendant intentionally or knowingly communicates his threat." *Id.* As stated by the Ninth Circuit, the "'only intent requirement is that the defendant intentionally or knowingly communicates his threat, not that he intended or was able to carry out his threat.'" *Id.* (quoting *United States v. Orozco-Santillan*, 903 F.2d 1262, 1265 (9th Cir. 1990)). This Court recognized that it had "stated a similar standard regarding intent in the context of 18 U.S.C. § 871, criminalizing threats to the

---

[1] We note that the continued viability of the impossibility defense is unclear. *See United States v. Farner*, 251 F.3d 510, 512–13 (5th Cir. 2001) (noting that although "[w]e need not hold that there can never be a case of true legal impossibility, . . . such a case would be rare").

President." *Id.* (citing *United States v. Pilkington*, 583 F.2d 746, 757 (5th Cir. 1978)). Accordingly, "[a]ll the government had to show was that this threat was intentionally communicated, not that the threat was credible or could be immediately carried out." *Id.* at 664–65; *see also Commonwealth v. Keenan*, 184 A.2d 793, 796 (Pa. Super. Ct. 1962) (explaining that "[w]hether a blackmailer is in a position to carry out his threat in the event money is not paid is immaterial").

In the case at bar, we likewise reject Lewis's contention that the offense of blackmail under § 873 requires that the government demonstrate that the threat could be carried out. Moreover, the evidence is sufficient to sustain her conviction for blackmail. As previously set forth, as relevant to this case, the elements of the offense of blackmail are: (1) demanding money or other valuable thing from the victim; (2) under a threat of informing, or as a consideration for not informing, against (3) a violation of a law of the United States. 18 U.S.C. § 873. The government presented several witnesses who testified that Lewis threatened to release the private medical records to the media if her claim for benefits was not successful. The VA personnel testified that they verified that she had the records by asking her to recite the social security numbers and other confidential information. Thus, viewing the evidence in the light most favorable to the verdict, a rational juror could have found the elements of the offense of blackmail proved beyond a reasonable doubt.

B.    Evidentiary Ruling

Lewis next contends that the magistrate judge abused his discretion in excluding the photographs of her abdominal infection, which was allegedly caused by the VA doctors' negligent performance of her surgery. She maintains that one of her defenses was that she did not need to blackmail the VA into granting her disability claim because it was meritorious and that the photographs were an essential part of this defense. She contends that the

government repeatedly referred to her disability claim and that the exclusion of the photographs unfairly prevented her from further developing her claim.

This Court reviews a district court's decision to admit or exclude evidence for an abuse of discretion. *United States v. Mendoza-Medina*, 346 F.3d 121, 127 (5th Cir. 2003). The erroneous admission or exclusion of evidence will not result in a reversal unless the error was harmful. *Id.* Under this standard, there must be a reasonable possibility that the exclusion of the evidence contributed to the conviction. *Id.*

The magistrate judge excluded the photographs because he ruled that they were not relevant evidence.[2] Evidence is relevant if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Relevant evidence is admissible; irrelevant evidence is not. FED. R. EVID. 402. "The trial judge has broad discretion in ruling on questions of relevancy." *United States v. Waldrip*, 981 F.2d 799, 806 (5th Cir. 1993).

Lewis sought to introduce the photographs into evidence to prove that she was entitled to a favorable ruling on her disability claim. The Third Circuit's opinion in *United States v. Coyle*, which involves a challenge to a blackmail conviction under § 873, offers some guidance with respect to this claim. 63 F.3d 1239, 1249 (3d Cir. 1995). In *Coyle,* the appellant argued that it was error for the district court to deny his proposed instruction to the jury that he could not be convicted of blackmail if he was entitled to the benefits demanded. *Id.* In other words, Coyle argued that "something to which he was entitled could not be 'consideration.'" *Id.* The Third Circuit rejected this claim, explaining that

---

[2] The magistrate judge also referred to Lewis's failure to disclose the photographs prior to trial as required in the pretrial order. This Court has held, however, "that the compulsory process clause of the sixth amendment forbids the exclusion of otherwise admissible evidence solely as a sanction to enforce discovery rules or orders against criminal defendants." *United States v. Davis,* 639 F.2d 239, 243 (5th Cir. Unit B Mar. 1981).

"what is made unlawful by the blackmail statute is Coyle's use of the offer not to report the fraudulent activity or not to cooperate with the authorities as leverage" against the victim. *Id.* We agree with the Third Circuit's reasoning. Although *Coyle* did not involve evidentiary error, the logic applies in the instant case. Here, even assuming *arguendo* that Lewis could show that she was entitled to the award of benefits, because entitlement is not a defense to a blackmail charge under § 873, such entitlement is not relevant. *Accord State v. Conradi*, 60 So. 16, 21 (La. 1912) (holding that entitlement to money demanded is not a defense to crime of blackmail); *McKenzie v. State*, 204 N.W. 60, 63 (Neb. 1925) (same); *State v. Richards*, 167 P. 47, 48 (Wash. 1917) (same). Thus, Lewis's potential entitlement to a favorable ruling on her disability claim was not a defense to the blackmail charge. To the extent that she was seeking to use her disability to support her testimony that she did not make the blackmail threat, the magistrate judge had before it considerable oral testimony about her injuries, which is not in dispute. And such photographs would only be cumulative evidence of the injuries not in dispute. Accordingly, the magistrate judge did not abuse his discretion in excluding the photographs as irrelevant.

For the above reasons, the judgment is AFFIRMED.