**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-60590

UNITED STATES OF AMERICA

Plaintiff-Appellee,

VERSUS

FREDERICK STEVENSON
a/k/a
FREDRICK STEVENSON

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi

October 17, 1997

Before REYNALDO G. GARZA, SMITH, and WIENER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

This is an appeal from the United States District Court for the Southern District of Mississippi, Chief Judge William H. Barbour, Jr., presiding. The Defendant-Appellant, Frederick Stevenson ("Stevenson"), was found guilty in June of 1996 on a one-count indictment in which he was charged with threatening to assault a federal probation officer while she was engaged in her official duties, in violation of Title 18, U.S.C. §115(a)(1)(B). Judge Barbour sentenced Stevenson to 36 months imprisonment, a $50

1

special assessment, and a one year term of supervised release, upon completion of the jail sentence.  Stevenson now appeals. Based on our analysis of the pleadings, briefs, and record on file, we AFFIRM the decision of the district court.

**Background**

Frederick Stevenson was placed under the supervision of a United States Probation Officer named Rebecca Hart Gormley ("Gormley") in November of 1994.  In January of 1995, Stevenson was taken into custody, a fact Gormley says she learned of on January 30, 1995.  According to the Appellant's Brief, Stevenson tried to contact Gormley on several occasions during his custody for the purpose of finding out how his incarceration would affect his federal probation.  Stevenson claims that he wrote Gormley four or five letters attempting to contact her.  The Plaintiff-Appellee's brief states that Gormley received only one letter (other than the one which caused this controversy), and Gormley never visited Stevenson in jail.

In March of 1995, Gormley received the following letter from Stevenson:

> Dear Rebecca,
> This is Frederick.  Say why the fuck you won't do your job, bitch.  You need to get your ass over here to see me before I beat the shit out of you.  If you don't comply I will go through the motions of what I just wrote.

This letter frightened and alarmed Gormley.  In April of 1995, Stevenson acknowledged that the letter was his creation to FBI

2

agent Floyd Plummer ("Plummer"), and stated that he was sorry for writing the letter. He further stated that he had no intention of carrying out his threat, and that he wrote the letter because he wanted to get a response from Gormley. In June of 1995, Stevenson sent a letter to Assistant U.S. Attorney Dolan Self ("Self") apologizing for the letter. These actions on the part of Stevenson did not change Gormley's feelings of fear and alarm.

On September 7, 1995, Stevenson was indicted and charged with threatening to assault a federal probation officer. At Stevenson's trial, agent Plummer testified that he acquired fingerprint and handwriting samples from Stevenson. An FBI fingerprint specialist identified a latent fingerprint on the letter as matching Stevenson's prints, and an FBI document examiner testified that the contents of the letter and its envelope were written by Stevenson. Plummer also testified that Stevenson admitted writing the letter. Stevenson was subsequently found guilty by the jury on June 6, 1996, and Judge Barbour handed down the sentence previously listed. Stevenson timely filed for an appeal, and the case now stands before this Circuit.

## Standard of Review

The standard of review we apply is whether a rational trier of fact could have found that the evidence established guilt beyond a reasonable doubt. *United States v. Ivey*, 949 F.2d 759, 766 (5th Cir. 1991), *cert. denied*, 506 U.S. 819 (1992). All evidence and inferences from the evidence are to be viewed in the light most

3

favorable to the government. *Id.; United States v. Maseratti*, 1 F.3d 330, 337 (5th Cir. 1993), *cert. denied*, 510 U.S. 1129 (1994). The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and this court will accept all credibility choices that tend to support the verdict. *United States v. Pofahl*, 990 F.2d 1456, 1467 (5th Cir. 1993), *cert. denied*, 510 U.S. 898 (1993).

In regard to sentencing, the standard of review for the district court's application of the sentencing guidelines is *de novo* and the district court's findings of fact are reviewed for clear error. *United States v. Wimbish*, 980 F.2d 312, 313 (5th Cir. 1992), *cert. denied*, 508 U.S. 919 (1993). The district court's factual findings are not clearly erroneous if they are plausible in light of the record read as a whole. *United States v. Watson*, 966 F.2d 161, 162 (5th Cir. 1992). The district court's findings will be deemed clearly erroneous only if the appellate court is left with the definite and firm conviction that an error has been made. *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993).

## Discussion and Analysis

*1. The evidence supports the conviction.*

Stevenson claims that the government failed to prove he had the necessary intent to be convicted under that statute. He argues that his letter was merely one written out of frustration, and that he intended that Gormley carry out her duties (as he saw them) rather than impede the performance of her duties. He also

4

states that his incarceration made it impossible for him to carry out his threats toward Gormley. He states that these facts, coupled with the fact that Gormley was an armed law enforcement officer, showed a lack of necessary intent, and hence, his conviction should be overturned.

Stevenson did not cite a single case in his brief which would support his arguments, and his arguments fail on their own. First of all, it is certainly reasonable to believe that a person who received a letter such as that which was sent to Gormley would be frightened and intimidated from performing his or her tasks, and that such fear and intimidation would be the goal of the person who wrote the letter. Under 18 U.S.C. § 115(a)(1)(B), the key point is whether the defendant intentionally communicated the threat. The Ninth Circuit has stated that the "only intent requirement is that the defendant intentionally or knowingly communicates his threat, not that he intended or was able to carry out his threat." *United States v. Orozco-Santillan*, 903 F.2d 1262, 1265 (9th Cir. 1990); *see also United States v. Roberts*, 915 F.2d 889, 890 (4th Cir. 1990), *cert. denied*, 498 U.S. 1122 (1991). This Circuit stated a similar standard regarding intent in the context of 18 U.S.C. §871, criminalizing threats to the President. *United States v. Pilkington*, 583 F.2d 746, 747 (5th Cir. 1978), *cert. denied*, 440 U.S. 948 (1979)

All the government had to show was that this threat was intentionally communicated, not that the threat was credible or could be immediately carried out. This intent can be proven by

5

direct or circumstantial evidence which allows for an inference of criminal intent. *United States v. Aggarwal*, 17 F.3d 737, 740 (5th Cir. 1994). The content, tone, and language of the letter could certainly lead a reasonable jury to infer that a threat was intentionally made, and the fact that it was deliberately written by Stevenson and mailed to Gormley's courthouse office only serves to support the jury's verdict.

Also, the fact that Stevenson was in jail at the time is irrelevant, especially given that a reasonable person could fear that the threatened violence would occur upon Stevenson's release. Indeed, one could argue that the fact he was in jail made the letter all the more frightening, with Gormley living in fear that Stevenson was simmering in his rage and hatred during the long hours of bad food, cold showers, and weight-lifting that make up a prisoner's day, and that the rage he felt would explode on her the second he was released from jail. Therefore, his incarceration does not destroy a possibility of criminal intent under the statute.

Stevenson also argues that he was only acting to implore Gormley to do her job rather than impede her, and that Gormley's status as an armed and trained law enforcement officer should have led her not to take the threat seriously. These arguments are, respectively, silly and irrelevant, and have been disposed of in the previous analysis.

> ### 2. *The sentence was appropriate.*

Section 2A6.1(b)(2) of the statute states that if the

6

defendant's actions were "a single instance evidencing little or no deliberation," his sentence should be adjusted downward four levels, and the Background to the Application Note provides that the likelihood that the defendant could carry out the threat can be used to distinguish among cases. U.S.S.G. §2A6.1(b)(2). In Stevenson's case, this would yield a sentence of 27-33 months, less than the maximum term to which he was sentenced. Stevenson argues (once again, without a single case cited to support his point) that his action was an example of the single, spontaneous, non-deliberated act that is supposed to yield a lower sentence.

We believe that the district court committed no reversible error in denying a reduction in sentencing. The facts argue strongly against Stevenson. His actions involved the deliberate securing of stationary and postage, the composition of a letter, the search for an address, and the act of taking the letter to be mailed. It was not a spontaneous, momentary action done out of opportunity or impulse. There were many steps along the way in which he could have stopped himself, but he didn't. The fact that this is only one letter does not win the day for Stevenson, because the statute does not state that the fact an act is a single instance in itself lowers the penalty. Further, his subsequent apologies, even if they are sincere, do not change the nature of what he did, and therefore should not enter into the sentencing analysis. The findings of the district court are plausible, and do not rise to the level of clear error.

In a similar case, the United States District Court in

Minnesota refused to downwardly adjust the sentence of a man

(under §2A6.1(b)(2)) who sent threatening letters, on the ground

that

> [T]he process of obtaining an address,
> conveying his thoughts onto paper, taking
> that paper to a mailbox, and mailing the
> letter shows the deliberation that was
> involved.  This process is different than
> making a single oral threat on the spur of
> the moment, or other conduct which might
> warrant the reduction.

*United States v. Bellrichard*, 801 F.Supp. 263, 265 (D.Minn.

1992), aff'd 994 F.2d 1318 (8th Cir. 1993), *cert. denied*, 510

U.S. 928 (1993).  Similarly, the Ninth Circuit held that a man

who, while drunk, sent several threatening, racist, and anti-

Semitic letters to various people had sufficient deliberation to

preclude reduction in sentencing.  As that court stated, writing

such letters "does not require intelligent thought, it [does

require] some time and attention," and accordingly, the sentence

was not reduced.  *United States v. Sanders*, 41 F.3d 480, 485 (9th

Cir. 1994), *cert. denied*, 514 U.S. 1132 (1995); *see also United

States v. Edgin*, 92 F.3d 1044, 1047 (10th Cir. 1996), *cert.

denied*, 1175 S.Ct. 714 (1997).

A noteworthy case regarding the issue of a defendant's

degree of deliberation is *United States v. Horton*, 98 F.3d 313

(7th Cir. 1996), *cert. denied,* 1175 S.Ct. 714 (1997).  In this

case, a conviction for making a bomb threat in a federal building

was vacated by the Seventh Circuit.  We believe *Horton* is

distinguishable on this point because the Seventh Circuit was

troubled by the fact this seemed to be a spontaneous statement by

8

a man who was upset at having to wait in line to get into the a federal building (the Oklahoma City Bombing occurred the previous day, and security had been tightened), and the court remanded for further analysis. *Id.* at 320. The case at bar differs from *Horton* in that, as stated, Stevenson went through various steps at which he could have stopped, and his actions were not the impulsive act of someone momentarily losing their temper.

## Conclusion

The prosecution met its evidentiary burden in this case, and the sentence handed down was appropriate. Stevenson's actions were, by his own admission, intended to get a response from Gormley, and his actions were not so spontaneous or lacking in deliberation as to warrant a lower sentence. A rational trier of fact certainly could have (and did) find Stevenson guilty beyond a reasonable doubt. Further, the district court's decision on sentencing was not clearly erroneous.[*] Therefore, the decision of the district court is AFFIRMED.

AFFIRMED.

---

[*]Our holding should not be read to preclude the possibility that a written communication, standing alone, could be sufficiently lacking in deliberation to entitle its author to a four-level reduction under §2A6.1(b)(2).