**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3659

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota |
| Jerome T. Schiefen, | * | |
| | * | [TO BE PUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 6, 1998
Filed: March 20, 1998

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Jerome T. Schiefen appeals from his conviction and 56-month sentence imposed by the United States District Court[1] for the District of South Dakota, after a jury convicted him of threatening a federal district court judge, in violation of 18 U.S.C. § 115, and of obstructing justice, in violation of 18 U.S.C. § 1503. For the reasons discussed below, we affirm.

---

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota.

In December 1995, Schiefen mailed to the home of a United States district judge a letter stating that a judgment of foreclosure the judge had entered against Schiefen was "unconstitutional . . . and invalid as it is signed by a Foreign Agent," that Schiefen would do "Whatever is done through necessity is done without any intention; and the agent is not legally responsible"; and that the judge "should know what the punishment for treason is after the finding of the supreme Court." Attached to the letter was a Public Notice of Treason, which stated in part that "TREASON by law, is punishable by the DEATH PENALTY."

Schiefen was charged with obstructing justice and threatening a federal official. Schiefen filed several motions objecting to jurisdiction and venue in the United States District Court for the District of South Dakota, which the district court denied. After a two-day trial, the jury returned a guilty verdict on both counts. The district court sentenced Schiefen to 56 months imprisonment and 3 years of supervised release, fined him $10,000, and ordered him to pay his court-appointed attorney.

Schiefen's venue and jurisdiction arguments are without merit. Because the federal district court has exclusive jurisdiction over federal crimes, see 18 U.S.C. § 3231, and the alleged conduct occurred in South Dakota, see Fed. R. Crim. P. 18, jurisdiction and venue were proper in the United States District Court for the District of South Dakota. Schiefen's argument that Article I, Section 8, Clause 17 of the Constitution sets forth the exclusive parameters of the federal court's jurisdiction is meritless. In addition, the Federal Register notice requirements do not apply to federal criminal statutes. See 44 U.S.C. § 1505(a) (matters to be published in Federal Register); 5 U.S.C. §§ 551(1)(A) (Congress excluded from definition of agency), 552 (material agencies must publish).

Schiefen argues there was insufficient evidence to support the verdict. In reviewing that argument, we must affirm if "'the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt.'" United States

v. McKinney, 88 F.3d 551, 555 (8th Cir. 1996) (quoted case omitted). Under 18 U.S.C. § 115(a)(1)(B), the key is "whether the defendant intentionally communicated the threat . . . not that the threat was credible or could be immediately carried out." United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997). "Whether a particular statement may properly be considered to be a threat is governed by an objective standard--whether a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm or assault." United States v. Orozco-Santillan, 903 F.2d 1262, 1265 (9th Cir. 1990).

Upon our review of the record, including the trial transcript, we conclude that there was sufficient evidence presented showing Schiefen intentionally mailed the letter, and that the jury could conclude that under the circumstances a reasonable person would foresee that the district judge would--as he testified at trial he did-- perceive the language as a threat. The jury's verdict is thus supported by the evidence.

Schiefen's other arguments on appeal are without merit and do not warrant further discussion. We deny all of Schiefen's outstanding motions on appeal.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-