**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-50604**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**REGINALD CHRISTOPHER HARRIS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(W-98-CR-7-1)**

_____

**May 28, 1999**

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Reginald Christopher Harris appeals his guilty-plea conviction for making a threat against the President of the United States, in violation of 18 U.S.C. § 871. (While incarcerated on state charges, Harris mailed a letter to the White House, threatening to take the life of the President.)

First, Harris contends that the district court failed to inquire, as FED. R. CRIM. P. 11(d) requires, whether Harris' guilty

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea resulted from prior discussions with the Government.  We review the Rule 11 plea colloquy for harmless error.  FED. R. CRIM. P. 11(h); *United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993) (en banc).  Harris does not contend that any promises, threats, or agreements were made to him prior to his guilty plea; and the plea hearing record evidences no outside influences or indications that the plea was not voluntary.  In short, the failure to address the effect of prior discussions on Harris' plea did not affect his substantial rights. *See United States v. Henry*, 113 F.3d 37, 40-42 (5th Cir. 1997).

Second, Harris presents three bases for his claim that the district court erred by applying the U.S.S.G. § 3A1.2 three-level "official victim" upward adjustment:  because offense guideline 2A6.1 incorporates the factor; because the President was not harmed; and because Harris was not motivated by the President's status as President.  Of course, we review legal questions, such as the applicability of a sentencing guideline, *de novo*; findings of fact, only for clear error.  *E.g., United States v. Stevenson*, 126 F.3d 662, 664 (5th Cir. 1997).  None of the three bases have merit. First, Guideline 2A6.1 does not incorporate the "official victim" factor.  U.S.S.G. § 3A1.2, application note 3.  Second, Guideline 3A1.2 applies even where a victim is unharmed.  *United States v. Polk*, 118 F.3d 286, 297-98 (5th Cir. 1997).  And third, because Harris did not present to the district court his lack of motivation by the President's official status, we review this point only for plain error, FED. R. CRIM. P. 52(b); we find none.

*AFFIRMED*