# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

———————————

No. 98-20346
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAKEEM AKINDE,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CR-230-2)

July 29, 1999

Before EMILIO M. GARZA, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Hakeem Akinde appeals his conviction and sentence for conspiring to possess heroin with intent to distribute. He claims that: (1) the district court erred in failing to suppress, *sua sponte*, the trial testimony of one of the Government's witnesses, Muhinot McCray; (2) the evidence was legally insufficient to support his conviction; (3) the district court erred in failing to grant him a downward departure pursuant the Sentencing Guidelines' "safety-valve" provision, § 5C1.2; and (4) the district court erred in refusing to grant him a downward adjustment for his minor role in the conspiracy under § 3B1.2 of the Sentencing Guidelines. Finding no reversible error, we affirm.

Akinde first asserts that the district court erred in failing to suppress, *sua sponte*, McCray's trial testimony. Because Akinde makes his argument regarding McCray's trial testimony for the first time on appeal, we review the argument for plain error. *See United States v. Calverley*, 37 F.3d 160,

———————————

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

162-64 (5th Cir. 1994) (en banc). We find plain error when (1) there was an error (2) that is plain and (3) that affects substantial rights. *See United States v. Olano*, 507 U.S. 725, 732-35, 113 S. Ct. 1770, 1776-78, 123 L. Ed. 2d 508, ___ (1993). Even if we find plain error, we will reverse only if the error substantially affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* at 732, 113 S. Ct. at 1776, 123 L. Ed. 2d at ___.

Akinde claims that the district court was compelled to suppress McCray's trial testimony because the Government had given money and immunity to McCray in exchange for her testimony, in violation of 18 U.S.C. § 201(c)(2) and (3). We do not find that the district court's inaction amounted to plain error. The record does not show that McCray received cash in exchange for her trial testimony; it shows that the Government paid McCray for expenses that she incurring during the investigation, for loss of job time, and an award for her assistance. Additionally, even if McCray received immunity from prosecution in exchange for her trial testimony, the district court's failure to suppress her testimony in light of an immunity deal was not plain error because we never have addressed how an immunity deal jibes with § 201(c)(2) and (3), *see Johnson v. United States*, 520 U.S. 461, 467-68, 117 S. Ct. 1544, 1549, 137 L. Ed. 2d 718, ___ (1997) (holding that the law at the time of appeal provides the basis for determining if an error is plain), and because we have indicated support for the view that granting immunity from prosecution in exchange for testimony does not transgress § 201(c)(2) and (3), *see United States v. Haese*, 162 F.3d 359, 367 n.1 (5th Cir. 1998) (citing with approval *United States v. Garbourel*, 9 F. Supp. 1246, 1247 (D. Colo. 1998) (refusing to find a violation of § 201(c)(2) where the Government promised a cooperating witness that she would not be prosecuted in exchange for her testimony)), *cert. denied*, ___ U.S. ___, 119 S. Ct. 1795, ___ L. Ed. 2d ___ (1999). Accordingly, we reject Akinde's assertion that the district court erred in failing, *sua sponte*, to suppress McCray's trial testimony.

Akinde next argues that the evidence was legally insufficient to support his conspiracy conviction. To show a drug conspiracy, the Government must prove beyond a reasonable doubt: (1) an agreement between two or more persons to violate a federal drug law; (2) each conspirator knew

of the conspiracy and intended to join it; and (3) each conspirator participated in the conspiracy. *See United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998), *cert. denied*, ___ U.S. ___, 119 S. Ct. 1344, ___ L. Ed. 2d ___ (1999). Because Akinde failed to move for a judgment of acquittal in district court, we review his sufficiency-of-the-evidence challenge for plain error. *See United States v. Rodriguez*, 43 F.3d 117, 126 (5th Cir. 1995). We find plain error only if the record is devoid of evidence pointing to guilt, or if the evidence on a key element of the offense was so tenuous that a conviction would be shocking. *See United States v. Parker*, 133 F.3d 322, 328 (5th Cir.), *cert. denied*, ___ U.S. ___, 118 S. Ct. 1851, 140 L. Ed. 2d 1100 (1998).

Akinde makes two arguments relating to the sufficiency of the evidence underlying his drug conspiracy conviction. First, he contends that the evidence is insufficient to prove his guilt because it shows only that he was involved in a single drug transaction with the conspirators. Second, he claims that the evidence is insufficient to prove his guilt because it only shows that he conspired with McCray, a Government informant, and Richard Johnson, who was acquitted. In light of the proof that details Akinde's relationship with a member of the drug conspiracy, Segunthani Balogun, we cannot conclude that the record is devoid of evidence pointing to guilt or that the record is so tenuous on a key element of the offense that Akinde's conviction is shocking. *See United States v. Asibor*, 109 F.3d 1023, 1032 (5th Cir.) ("a conspiracy may exist among three or more people 'even [if] the link connecting many of the co-conspirators is a Government informer'"), *cert. denied*, ___ U.S. ___, 118 S. Ct. 254, 139 L. Ed. 2d 617 (1997), *and cert. denied*, ___ U.S. ___, 118 S. Ct. 638, 139 L. Ed. 2d 617 (1997); *United States v. Maseratti*, 1 F.3d 330, 338 (5th Cir. 1993) ("even a single act can be one from which knowledge and participation in a conspiracy can be inferred"); *cf. United States v. Casel*, 995 F.2d 1299, 1306 (5th Cir. 1993) ("While it is true that 'evidence of a buyer-seller relationship, standing alone, is insufficient to support a conspiracy conviction,' evidence indicating that both parties knew that the drug purchases were meant for resale is 'sufficient to establish a distribution conspiracy between them,' especially when one party has a stake in the success of the other's business, suggesting 'a substantial degree of cooperation and partnership rather than a series

of isolated and sporadic transactions.'"). Accordingly, we hold that the district court's failure to acquit Akinde was not plain error. *See Parker*, 133 F.3d at 328.

Akinde next claims that the district court wrongly failed to grant him a two-level downward adjustment under § 5C1.2 of the Sentencing Guidelines, the so-called "safety-valve" provision. Because Akinde did not make his argument in district court (which he concedes), we review his argument for plain error. *See United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996).

Akinde contends that the district court undoubtedly was obliged to depart downward because the record shows that he clearly met all of the criteria for receiving an adjustment under § 5C1.2. After reviewing the record, we do not reach this conclusion. *See* U.S.S.G. § 5C1.2(5) (1997). Accordingly, we hold that the district court's failure to grant Akinde a reduction was not plain error.

Finally, Akinde argues that the district court erred in refusing to grant him a downward departure for being a minor participant pursuant to § 3B1.2 of the Sentencing Guidelines. We review a challenge to a district court's finding that a defendant was not a minor participant for clear error. *See United States v. Zuniga*, 18 F.3d 1254, 126-61 (5th Cir. 1994). We find clear error if we are left with the definite and firm conviction that an error has been made. *See United States v. Stevenson*, 126 F.3d 662, 664 (5th Cir. 1997). If district court's factual findings are plausible in light of the record as a whole, then we will deem them not to be clearly erroneous. *See id.*

Akinde maintains that he was a minor participant because he did not understand the scope and structure of the enterprise and the activities of the other persons involved in the conspiracy. However, the record does not leave us with a definite and firm conviction that Akinde was a minor participant. *See United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995) (stating that a downward adjustment for being a minor participant is generally appropriate only where the defendant is substantially less culpable than the average participant). Additionally, the district court's decision to sentence Akinde based solely on the heroin that he actually was carrying at the time of arrest justifies the refusal to deem Akinde a minor participant. *See United States v. Valencia-Gonzales*, 172 F.3d 344, 347 (5th Cir. 1999); *United States v. Marmolejo*, 106 F.3d 1213, 1217 (5th Cir. 1997), *cert.*

*denied*, ___ U.S. ___, 119 S. Ct. 622, 142 L. Ed. 2d 561 (1998).  Accordingly, the district court's finding that Akinde was not a minor participant was not clearly erroneous.

Based on the forgoing discussion, we affirm Akinde's conviction and sentence.