IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41298
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

J. TRINIDAD GUZMAN-RANGEL,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-119-ALL
- - - - - - - - - -
April 17, 2000

Before REAVLEY, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

J. Trinidad Guzman-Rangel (Guzman) appeals the sentence imposed by the district court following his guilty-plea conviction of illegal reentry into the United States following deportation, a violation of 8 U.S.C. § 1326. Guzman challenges the characterization of his prior Illinois state convictions for possession of a controlled substance as "drug trafficking" offenses and aggravated felonies and the concomitant 16-level increase in his base offense level under U.S.S.G. § 2L1.2(b)(1)(A). He also contends that the notice and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

specificity requirements of due process are violated by designating his convictions for possession as "drug trafficking."

We review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997).

Guzman's argument that mere possession of cocaine does not qualify as an aggravated felony for purposes of U.S.S.G. § 2L1.2(b) is foreclosed by our decision in United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997). His argument that the term "drug trafficking" as cited by the Sentencing Guidelines is unconstitutionally vague and does not provide adequate notice is unfounded. Guzman is challenging a sentencing guideline, not a criminal statute. "Due process does not mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall." United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990); cf. United States v. Brito, 136 F.3d 397, 407 (5th Cir.), cert. denied, 119 S. Ct. 159 (1998).

Accordingly, the district court's judgment is AFFIRMED.