IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41260
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE SANTOS MEDINA-CAMPOSANO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-99-CR-245-1
--------------------
August 1, 2000

Before REAVLEY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Santos Medina-Camposano (Medina) appeals the sentence imposed by the district court following his guilty-plea conviction of illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326. Medina challenges the characterization of his prior Texas conviction for cocaine possession as an "aggravated felony" offense, which includes drug trafficking, and the concomitant sixteen-level increase in his base offense level under U.S.S.G. § 2L1.2(b)(1)(A). He also argues that the notice and specificity requirements of due

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

process are violated by designating his conviction of cocaine possession as "drug trafficking."

We review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. See United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997).

Medina's argument that mere possession of a controlled substance does not constitute "drug trafficking," and therefore is not an "aggravated felony" for purposes of § 2L1.2(b), even if it were not foreclosed by our decision in United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997), is unavailing. A "drug trafficking crime" is defined in 18 U.S.C. § 924(c)(2) to include "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801, et seq.) . . . . ." As the offense of possession of cocaine is punishable under the Controlled Substances Act, see 21 U.S.C. § 844(a), this argument must fail.

Medina's contention that the term "drug trafficking" as used by the Sentencing Guidelines is unconstitutionally vague and does not provide adequate notice is likewise unavailing. Medina is challenging a sentencing guideline, not a criminal statute. "Due process does not mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall." United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990).

Finally, Medina argues that the rule of lenity requires that he be given a lesser sentence because the term "aggravated felony" is subject to different interpretations. We are

unpersuaded.  The rule of lenity promotes the constitutional due-process principle "that no individual be forced to speculate, at peril of indictment, whether his conduct is prohibited."  <u>Dunn v. United States</u>, 442 U.S. 100, 112 (1979).  "The rule of lenity . . . applies only when, <u>after</u> consulting traditional canons of statutory construction, [a court] is still left with an ambiguous statute."  <u>United States v. Shabani</u>, 513 U.S. 10, 17 (1994) (emphasis added).  In other words, it applies only "if after a review of all applicable sources of legislative intent the statute remains truly ambiguous."  <u>United States v. Cooper</u>, 966 F.2d 936, 944 (5th Cir. 1992)(citation and internal quotation marks omitted).  Accordingly, the rule of lenity is a rule of statutory construction, <u>see</u> <u>Bifulco v. United States</u>, 447 U.S. 381, 387 (1980); <u>United States v. Brito</u>, 136 F.3d 397, 408 (5th Cir.), <u>cert.</u> <u>denied</u>, 523 U.S. 1128, 524 U.S. 962, 525 U.S. 867 (1998), rather than a separate constitutional framework for raising claims.  We have already expressed our interpretation of the term "aggravated felony" in our decision in <u>Hinojosa-Lopez</u>. See <u>Hinojosa-Lopez</u>, 130 F.3d at 693-94.

Accordingly, the district court's judgment is AFFIRMED.