IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40747
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIPE SOTELO-BARRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. L-00-CR-101-1
_____

April 23, 2001

Before JOLLY, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Felipe Sotelo-Barrera appeals his sentence following a guilty plea to illegal entry after deportation pursuant to 8 U.S.C. § 1326(b)(2).

We review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. See United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997).

Sotelo first contends that his sentence should be vacated because his state felony conviction for possession of a controlled

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substance, which resulted in an increased sentence under 8 U.S.C. § 1326(b)(2), was an element of the offense that should have been charged in the indictment.

Sotelo acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in the light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres. See Apprendi, 120 S.Ct. at 2362; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, No. 00-8299, 2001 WL 77067 (U.S. Feb. 26, 2001). Sotelo's argument is foreclosed.

Sotelo also challenges the characterization of his prior Utah conviction for cocaine possession as an "aggravated felony" offense and the concomitant sixteen-level increase in his base offense level under U.S.S.G. § 2L1.2(b)(1)(A), contending that his sentence should be reduced by the rule of lenity. Sotelo's constitutional claim that the rule of lenity is applicable is reviewed de novo. United States v. Romero-Cruz, 201 F.3d 374, 377 (5th Cir.), cert. denied, 120 S.Ct. 2017 (2000).

In United States v. Hinojosa-Lopez, 130 F.3d 691, 692-93, 694 (5th Cir. 1997), we held that a state conviction is an "aggravated felony" pursuant to § 2L1.2(b)(1)(A) if "(1) the offense was

2

punishable under the Controlled Substances Act and (2) it was a felony" under applicable state law. Id. at 694. Sotelo has not explicitly disputed that, as a matter of statutory construction, his challenge to the § 2L1.2(b)(1)(A) increase is foreclosed by Hinojosa-Lopez. See United States v. Garcia Abrego, 141 F.3d 142, 151 n.1 (5th Cir. 1998) ("in the absence of any intervening Supreme Court or en banc circuit authority that conflicts" with the panel decision in question, this court is bound by the panel decision). He contends, however, that, under the "constitutional rule-of-lenity," his objection to the increase presents an issue of first impression. This contention is erroneous.

The rule of lenity fosters the constitutional due process principle "that no individual be forced to speculate, at peril of indictment, whether his conduct is prohibited." Dunn v. United States, 442 U.S. 100, 112 (1979). "The rule of lenity ... applies only when, after consulting traditional canons of statutory construction, [a court is] left with an ambiguous statute." United States v. Shabani, 513 U.S. 10, 17 (1994) (emphasis added). It applies "only if after a review of all applicable sources of legislative intent the statute remains truly ambiguous". United States v. Cooper, 966 F.2d 936, 944 (5th Cir. 1992) (internal quotation marks and citation omitted); see also Albernaz v. United States, 450 U.S. 333, 342 (1981) ("The rule comes into operation at

3

the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers." (internal quotation marks and citation omitted)).  The rule of lenity is a rule of statutory construction, see Bifulco v. United States, 447 U.S. 381, 387 (1980); United States v. Brito, 136 F.3d 397, 408 (5th Cir. 1998), rather than a separate constitutional framework for raising claims.  We have already expressed our interpretation of the term "aggravated felony" in our decision in Hinojosa-Lopez.  See Hinojosa-Lopez, 130 F.3d at 693-94.

The judgment of the district court is

A F F I R M E D.