**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 00-40944
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

MICHELLE STEVENSON,

Defendant - Appellee.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CR-4-6

---

April 30, 2001

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:*

The prosecutor appeals the sentence imposed on Michelle Stevenson, contending

that the trial court erred in making a downward adjustment based on its finding that she

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was a minimal participant in the drug violations before the court. Stevenson was one of thirteen persons charged with conspiracy to distribute and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & 846. She entered a guilty plea and cooperated with the investigation, offering to testify in the resulting trial. The court imposed a sentence of 30 months of imprisonment and three years supervised release. The government appeals.

The trial court's application of the sentencing guidelines is reviewed *de novo*; its findings of fact are reviewed for clear error.[1] A sentence will be upheld unless it "(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is outside the applicable guideline range."[2] The determination respecting a defendant's role in the offense is a factual finding reviewable for clear error.[3] Section 3B1.2 of the Sentencing Guidelines provides for an adjustment if a defendant had a mitigating role in the offense. It states:

> Based on the defendant's role in the offense, decrease the offense level as follows:

---

[1] United States v. Stevenson, 126 F.3d 662 (5th Cir. 1997).

[2] United States v. Thomas, 963 F.3d 63, 64 (5th Cir. 1992) (quoting 18 U.S.C. § 3742(e)).

[3] United States v. Valencia-Gonzalez, 172 F.3d 344 (5th Cir. 1999), cert. denied, 528 U.S. 894 (1999); United States v. Gallegos, 868 F.2d 711 (5th Cir. 1989).

> (a)  If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b)  If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

The district court not only received Stevenson's guilty plea and the relevant presentence report, it dealt with the disposition of the other offenders. The entirety of the illegal drug activities were presented to the court in great detail. Based on relevant evidence and data before it the court specifically found, *inter alia*, that Stevenson was among the least culpable of the conspirators, that she lacked particularized knowledge of the scope and structure of the conspiracy, that her role was not essential to the conspiracy, and that her involvement effectively was *de minimis*. Despite the government's arguments to the contrary, we are not persuaded that the district court clearly erred in its factual assessment of Stevenson's participation in the charged offenses. Our review of the relevant portion of the record otherwise persuades. We are cognizant of and defer to the trial court's vital role in making factual determinations which, in many instances, involve critical credibility calls. We perceive no error in the trial court's imposition of sentence herein and, accordingly, the sentence appealed is AFFIRMED.