United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-30577
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TERRY PIERRE LEBLANC,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:03-CR-60049-ALL
--------------------

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

    Terry Pierre LeBlanc ("LeBlanc") appeals his 21-month

sentence for illegal discharge of pollutants into an area of

wetlands without a permit.  Leblanc argues that the district

court failed to examine several factors that would have warranted

a downward departure under U.S.S.G. § 2Q1.3.  He further contends

that the district court should not have assessed him a criminal

history point for his 1989 conviction for possession of marijuana

because the sentence imposed for that conviction occurred more

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

than ten years before the November 19, 2002, date of the instant offense as alleged in the indictment. LeBlanc further contends that, pursuant to U.S.S.G. § 4A1.2(b), he should not have been assessed any criminal history points for his 1989 conviction for possession of marijuana and his 1998 conviction for driving while intoxicated because he received suspended sentences for these convictions.

This court has jurisdiction to review a district court's denial of a motion for a downward departure only if the district court denied the motion based upon an error of law. See United States v. Buck, 324 F.3d 786, 797 (5th Cir. 2003). The record reflects that the district court denied LeBlanc's motion to depart after concluding that the departure was not warranted by the facts of the case. As such, this court lacks jurisdiction to review the denial of LeBlanc's motion for a downward departure. See Buck, 324 F.3d at 797.

A district court's application of the sentencing guidelines is reviewed de novo, and its findings of fact are reviewed for clear error. See United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997). The record reflects that the LeBlanc's unauthorized operation of the landfill, which began in 1995, was sufficiently connected to the instant offense to constitute relevant conduct for sentencing purposes. See U.S.S.G. § 1B1.3; United States v. Anderson, 174 F.3d 515, 527-28 (5th Cir. 1999). As such, LeBlanc's 1989 conviction for possession of marijuana

was properly included in the calculation of his criminal history category, since the sentence for that conviction occurred within ten years of the commencement of the instant offense.  See U.S.S.G. § 4A1.2.

The record reflects that LeBlanc filed objections to the presentence report arguing that he should not have been assessed criminal history points for his prior convictions for which he received suspended sentences.  However, at the sentencing hearing LeBlanc withdrew these objections.  Waiver is the intentional relinquishment or abandonment of a known right.  United States v. Olano, 507 U.S. 725, 733 (1993).  The withdrawal of an objection constitutes the waiver of the objection by the defendant.  United States v. Musquiz, 45 F.3d 927, 931 (5th Cir. 1995).  As such, LeBlanc's argument is unreviewable on appeal.

Accordingly, LeBlanc's appeal is DISMISSED in part for lack of jurisdiction and AFFIRMED in part.