United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-31073
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARESHA LANAL MINNIE BOYD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50097
--------------------

Before JONES, Chief Jones, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Karesha Lanal Minnie Boyd appeals her conviction for larceny in violation of 18 U.S.C. § 641. She challenges the sufficiency of the evidence.

In cases tried before a magistrate judge and affirmed on appeal by the district court, we "will affirm the magistrate's findings if they are supported by substantial evidence." United States v. Lee, 217 F.3d 284, 288 (5th Cir. 2000) (internal citation omitted). "Evidence is sufficient to support a conviction if any rational trier of fact could have found that the evidence

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

established guilt beyond a reasonable doubt." United States v. Morgan, 311 F.3d 611, 613 (5th Cir. 2002) (internal quotation and citation omitted).  This court examines the evidence as a whole in the light most favorable to the Government.  Id.  "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and this court will accept all credibility choices that tend to support the verdict."  United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997).

Boyd notes that the stolen items of makeup were found on the person of Erica Samuels, who has pleaded guilty to larceny. She contends that the Government's case was entirely circumstantial and that her conviction was based on an assumption that she must have known what Samuels was doing.

The evidence adduced at trial showed that Boyd and Samuels were always in close proximity while they were in the store.  Boyd actively participated in the selection of the stolen makeup, which Samuels placed in a gift bag and carried to a small fitting room.  Boyd then joined Samuels in the fitting room.  After Boyd exited, Samuels emerged carrying the gift bag, which, by this time, contained empty makeup packages.  After Samuels set down the bag, the women left the store, but were soon apprehended.  The stolen makeup products were found in Samuels's purse and in her hair.

Viewing the evidence as a whole in the light most favorable to the Government, we have determined that there was sufficient evidence to support Boyd's conviction. See Morgan, 311 F.3d at 613; 18 U.S.C. § 2. Accordingly, the judgment of the district court is AFFIRMED.