# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40300
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RYAN PAUL TURCOTTE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-927-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Ryan Paul Turcotte appeals his 120-month sentence imposed in connection with his conviction for conspiracy to transport undocumented aliens. He argues that the district court erred in denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The district court denied the reduction, finding that Turcotte falsely denied relevant conduct and committed a crime after entering his guilty plea. On appeal, Turcotte does not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge the court's finding that he denied relevant conduct; his argument is limited to challenging the court's conclusion that he committed a crime post-plea. Turcotte does not challenge the finding that he made the threats against a federal officer. Instead, he argues that the threats he made against a federal officer occurred prior to his guilty plea and that he had no means to carry out the threats while incarcerated.

We will affirm the denial of a reduction of acceptance of responsibility unless it is "without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted). Regarding the timing of the threats, testimony established that Turcotte made statements after he entered his guilty plea indicating his desire to kill an Assistant United States Attorney. As to the assertion that Turcotte was unable to carry out his threats, threatening a federal officer does not require that the offender be able to immediately carry out the threat. *See United States v. Stevenson*, 126 F.3d 662, 664-65 (5th Cir. 1997) ("All the government had to show was that this threat was intentionally communicated, not that the threat was credible or could be immediately carried out."). He has not shown that the district court clearly erred in denying him a reduction for acceptance of responsibility. *See Juarez-Duarte*, 513 F.3d at 211.

The judgment of the district court is AFFIRMED.