# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2022

Lyle W. Cayce
Clerk

No. 20-20585
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANIEL POLANCO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-811-1

Before BARKSDALE, COSTA, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

As a prelude to the threatening-a-federal-official conviction at issue in this appeal, Daniel Polanco, a former agent for the United States Customs and Border Patrol, was convicted of conspiracy to possess, with intent to distribute, five kilograms or more of cocaine; possession, with intent to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20585

distribute, five kilograms or more of cocaine; and making false statements to a government agent. Following a post-trial hearing, the district court denied his motion for a judgment of acquittal and a new trial. In exiting the courtroom at the conclusion of that hearing, Polanco threatened a federal agent, who was involved in prosecuting Polanco. According to the agent, Polanco said to him: "This is going to come back to you motherfuckers. You will see".

As a result of this conduct, he was convicted by a jury of threatening a federal official, in violation of, *inter alia*, 18 U.S.C. § 115(a)(1)(B). Polanco asserts: the trial evidence was insufficient to convict him of the charged offense; and the district court did not respond reasonably to a question the jury submitted to the court during its deliberations.

Regarding the sufficiency issue, and because Polanco moved for a judgment of acquittal at the close of the Government's case and after both sides rested, he preserved that issue, and our review is, therefore, *de novo*. *E.g.*, *United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007). He claims: his statement to the agent was ambiguous and subject to interpretations that did not imply physical harm; and the evidence was insufficient for a reasonable jury to find the threat was made with the requisite intent.

For the following reasons, a reasonable jury could find Polanco threatened to assault a federal law enforcement officer, "with intent to impede, intimidate, or interfere with [him while he was engaged] in the performance of official duties, or with intent to retaliate against [him due to] the performance of official duties". *See* 18 U.S.C. § 115(a)(1)(B); *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (explaining court should affirm jury's verdict if "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"); *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012) (per curiam)

(explaining our court evaluates "all evidence, whether circumstantial or direct, in the light most favorable to the [g]overnment[,] with all reasonable inferences to be made in support of the jury's verdict" (alteration in original) (citation omitted)).

Although Polanco asserts his statement was ambiguous and subject to interpretations that did not imply physical harm, the record establishes that the jury:  resolved the factual question as to the meaning of his statement; rejected an innocent interpretation of it; and found the statement was a threat to commit bodily harm.  Our court defers to the jury's decision. *See United States v. Romans*, 823 F.3d 299, 311 (5th Cir. 2016) (noting court considers whether "verdict was reasonable" (citations omitted)); *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007) (explaining jury entitled to choose among any reasonable construction of evidence).  Facts discernable from the record, including, *inter alia*, testimony regarding the context in which Polanco made his statement and the reaction of those who heard or learned about it, support that his statement could be reasonably inferred to constitute a threat to assault the agent. *See United States v. Stevenson*, 126 F.3d 662, 664–65 (5th Cir. 1997) (explaining, Government need only prove "threat was intentionally communicated, not that threat was credible or could be immediately carried out").  The resolution of any conflicts in the evidence is, of course, the sole role of the jury. *E.g.*, *United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992) (explaining resolving conflicts in evidence solely within domain of jury).

Further, there was sufficient circumstantial evidence for a reasonable jury to find Polanco made the threat with intent to retaliate against the agent due to his performance of official duties. *See United States v. Aggarwal*, 17 F.3d 737, 740 (5th Cir. 1994) (noting intent required to support conviction can be shown by circumstantial evidence).  The evidence supported that

Polanco directed the remark to the agent because of his role in prosecuting Polanco for serious drug offenses.

Polanco also contends the evidence was insufficient to prove he had the subjective intent to threaten the agent. But, our court uses an *objective* standard in deciding whether a statement is a threat under 18 U.S.C. § 115(a)(1)(B) and considers the intent of the speaker only to evaluate whether the threat was made intentionally or knowingly. *See United States v. Raymer*, 876 F.2d 383, 391 (5th Cir. 1989) (explaining subjective impression of recipient not element of the offense under § 115); *Stevenson*, 126 F.3d at 664–65 (explaining "intent can be proven by direct or circumstantial evidence which allows for an inference of criminal intent"). To the extent Polanco challenges our prior decisions or asserts decisions of other courts should be applied, his challenge fails because our court is bound by our precedent, absent a change in the law, reconsideration by our full court, or an intervening Supreme Court decision. *E.g.*, *United States v. Montgomery*, 974 F.3d 587, 590 n.4 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2823 (2021). He offers no basis for us to determine that *Elonis v. United States*, 575 U.S. 723 (2015), in which the Supreme Court considered whether a different statute using the word threat—18 U.S.C. § 875(c)—required that the defendant know of the threatening nature of the communication, extends to an offense under § 115(a)(1)(B).

Turning to Polanco's other issue, his challenge to the court's response to a jury question during its deliberations, Polanco proposed referring the jury to part of the jury instructions, and did not object to the court's answer to the jury, which was a subpart of the part proposed by Polanco. Arguably, that proposal and lack of objection constitute waiver or invited error. We need not decide that question because, even if review is instead under the more lenient plain-error standard, *see United States v. Harris*, 104 F.3d 1465, 1472 (5th Cir. 1997), the challenge fails. (No authority need be cited for the long-

established rule that we, not the parties, determine the standard of review. In his opening brief, Polanco states the applicable standard was abuse of discretion; in response, the Government urged plain-error review. Of interest, Polanco does not address the jury-question issue in his reply brief, much less challenge the plain-error standard urged by the Government.) Under that standard, Polanco must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Polanco has not shown that the court committed plain error in providing the unobjected-to answer to the jury's question, which focused on whether Polanco's remark constituted a "threat to assault". In answer, the court referred the jury to a sentence in the jury instructions that defined "threat to assault" as a threat to commit bodily harm. Polanco does not contend the original instruction was an incorrect statement of law or challenge the accuracy of the instruction. The court's answer was "reasonably responsive" to the jury's question and permitted the jury to understand the issue. *See United States v. Stevens*, 38 F.3d 167, 169–70 (5th Cir. 1994). Moreover, the court's written response that the jury refer to a sentence in the original instructions was proper. *See United States v. Fackrell*, 991 F.3d 589, 612 (5th Cir. 2021) (explaining district court did not err by providing written response).

AFFIRMED.