# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2023

Lyle W. Cayce
Clerk

No. 22-30119

United States of America,

*Plaintiff—Appellee*,

*versus*

Delewis Johnson, IV; Roy Lee Jones, Jr.,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:20-CR-156-1

Before Jones, Dennis, and Willett, *Circuit Judges.*

Per Curiam:*

Delewis Johnson and Roy Lee Jones were convicted of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. *See* 21 U.S.C. §§ 846, 841. Johnson was also convicted of distributing methamphetamine. *See* 21 U.S.C. § 841. Both

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

challenge the sufficiency of the evidence for their convictions on appeal. Jones also challenges two sentencing enhancements applied by the district court. We AFFIRM.

Appellate courts affirm on the sufficiency of the evidence if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

Both defendants challenge their convictions because, they say, the evidence did not demonstrate they trafficked methamphetamine as opposed to some other controlled substance. Yet even if that were indisputably true, it would require resentencing rather than acquittal. The relevant statute prohibits trafficking in any "controlled substance." 21 U.S.C. § 841(a)(1). The specific kind of controlled substance is "not a formal element of the conspiracy offense." *See United States v. Daniels*, 723 F.3d 562, 573 (5th Cir. 2013). Therefore, the defendants cannot challenge their *convictions* on these grounds, but merely their *sentences*. *Id.*

Moreover, there is ample evidence that both defendants trafficked in methamphetamine. First, take Jones. Two street-level distributors testified that "Dee" (Johnson's alias) supplied Jones with methamphetamine, who in turn supplied those lower on the totem pole. *See United States v. Perry*, 35 F.4th 293, 317 (5th Cir. 2022) ("This Court has long held that a defendant may be convicted on the uncorroborated testimony of a coconspirator who has accepted a plea bargain, so long as the coconspirator's testimony is not incredible.") (citations and internal quotation marks omitted). On an intercepted call, Jones told a coconspirator named Harris that Jones had "two" for him. In the following days, Harris let two other coconspirators know that Harris now had "meth" or "CDs" (slang the group used for

methamphetamine).   On another call, Jones discussed paying "Dee" for "zips"—a term that a coconspirator testified referred to methamphetamine.

Jones makes essentially two arguments as to why this evidence is insufficient; both fail.   First, he contends that the testimony from his coconspirators is incredible because, according to a government expert, conspirators at Jones's level in the distribution chain do not interact with street-level distributors.   Second, he avers that his intercepted statements were vague and could have referred to marijuana rather than methamphetamine.  But neither argument demonstrates that no rational trier of fact could have found Jones guilty.  At this stage, the "evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and this court will accept all credibility choices that tend to support the verdict."   *United States v. Stevenson*, 126 F.3d 662, 664 (5th Cir. 1997).   The jury could have rationally concluded that the expert's testimony was inapplicable to Jones's situation and rejected alternative interpretations of his ambiguous statements.

The evidence against Johnson is also sufficient.  His counsel conceded that Johnson was involved in the marijuana trade with Jones and went by the name "Dee."  Multiple members of the conspiracy had heard that Jones got his methamphetamine from "Dee."  Jones acknowledged that his supply came from "Dee" on an intercepted call.  On another call, Johnson offered to sell "broccoli" (which the prosecution interpreted as a reference to marijuana) or "the other one" to a police informant.  When the informant ordered "the other one," Johnson sent a shipment to a third party's address. That shipment was stolen before the police could confiscate it, but shortly thereafter a person associated with the address was arrested with methamphetamine in his possession.  The informant then placed a second order for "another one" with Johnson.  Soon after, the informant received tracking information for the package, which was intercepted and found to

contain a pound of methamphetamine.  Like Jones, Johnson attempts to characterize the evidence as only supporting marijuana trafficking.  He also denies that he sent the tracking number for the second package.  But, at best, his counter-interpretation of the evidence merely establishes that a "reasonable hypothesis of innocence" is possible—not that the jury was irrational for rejecting that hypothesis.  *Stevenson*, 126 F.3d at 664.  Consequently, both of Johnson's convictions survive his sufficiency of the evidence challenge.

Likewise, Jones's challenges to his sentencing enhancements fail.  The first enhancement was for acting as a manager or supervisor of a drug conspiracy under U.S.S.G. § 3B1.1(b).  The second was imposed because his offense involved between 10,000 and 30,000 KG of Converted Drug Weight under U.S.S.G. § 2D1.1.  Both enhancements rest on factual findings that are reviewed for clear error.  *United States v. Warren*, 986 F.3d 557, 567 (5th Cir. 2021) (manager/supervisor enhancement); *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (drug quantity).  Therefore, the court should affirm if the decision below "is plausible in light of the whole record." *United States v. Blanco*, 27 F.4th 375, 382 (5th Cir. 2022).

Given Jones's role in the distribution chain, the district court did not clearly err by applying the manager/supervisor enhancement.  As mentioned above, the prosecution introduced evidence that Jones supplied the street-level distributors with methamphetamine that he obtained from Johnson.  This position in the distribution chain gave him control over the other conspirators' access to the drug.  At minimum, then, he "exercised management responsibility over the property, assets, or activities" of the enterprise.  U.S.S.G. § 3B1.1 n. 2.

Finally, the district court did not clearly err by applying the drug quantity enhancement.  Jones makes several arguments to contend that his

No. 22-30119

Converted Drug Weight includes drugs he never supplied.  Some of his arguments fail for the same reasons that his sufficiency of the evidence argument fails.  But more fundamentally, these arguments misconstrue the legal standard.  Jones is responsible for the quantity of drugs that he "knew or should have known or foreseen was involved" in the conspiracy, not just the drugs he personally trafficked.  *United States v. Puma*, 937 F.2d 151, 160 (5th Cir. 1991); *see also United States v. Pofahl*, 990 F.2d 1456, 1484 (5th Cir. 1993) ("involvement in a conspiracy is presumed to continue and will not be terminated until the co-conspirator acts affirmatively to defeat or disavow the purpose of the conspiracy") (internal quotation marks omitted).  Even if he did not personally supply all of the drugs at issue, he offers no argument as to why he could not have known that the conspiracy would encompass the quantities at issue.  Ergo, his challenge to this enhancement cannot succeed.

AFFIRMED.